RAYMOND LEE BAGNALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bagnall v. Commissioner
Docket Nos. 7793-74, 2403-75.
United States Tax Court
T.C. Memo 1976-372; 1976 Tax Ct. Memo LEXIS 31; 35 T.C.M. (CCH) 1689; T.C.M. (RIA) 760372; December 6, 1976, Filed Raymond Lee Bagnall, pro se. George W. Connelly, Jr., for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies [1] in petitioner's Federal income tax as follows: Taxable Year
Deficiency
1971
$ 348.00
1972
676.00
1973
1,505.00
*32 The issues presented for decision are: 1) Whether petitioner is exempt from the income tax on constitutional grounds. 2) Whether petitioner's receipt of Federal Reserve notes constituted taxable income to him. FINDINGS OF FACT Petitioner resided in Sherburne, New York at the time his petitions were filed herein. Petitioner filed his individual returns for the taxable years in issue with respondent's North-Atlantic Service Center at Andover, Massachusetts. On his 1971 return, petitioner reported gross income of only $2.00, which represented a door prize received at a dinner. On his 1972 return, he reported gross income of $25, which represented silver coinage having a face value of $25 purchased from a coin dealer for $100. Petitioner reported zero gross income on his 1973 return. Petitioner was employed by Joseph Danisevich & Sons' feed store during each of the taxable years in issue. He received wages of $3,900 plus $50 in tips in 1971, a like amount in 1972, and $3,600 in 1973. On or about May 10, 1945, petitioner purchased 118 acres of land (Hadlock property) situated in Chenango County, New York, from William E. and May E. Hadlock, for the sum of $3,500. *33 In 1956 petitioner purchased an additional 86 acres of land (Hill property) situated in Chenango County, New York, from Donald Hill for $1,500. The deed for this land, however, was not executed or filed until early in 1973. The payment of $1.65 for the New York State Transfer tax was reflected on the deed. [2]
On or about September 29, 1972, petitioner sold 18 acres of the Hadlock property to Imre and Margit Molnar for $4,000.00. The deed reflected the payment of $4.40 in New York Real Estate Transfer taxes. In June 1973, petitioner sold 88 more *34 acres of the Hadlock property and the entire 86 acres of the Hill property to Roger P. Adams, for a total of $34,500.00. The deed noted that $37.95 had been paid in New York Real Estate Transfer taxes. Finally, on or about July 26, 1973, petitioner sold 12 acres of the Hadlock property to Peter B. Hall and J. James Daly for $12,500.00. The sum of $13.75 was paid in real estate transfer taxes. OPINION At trial and on brief, petitioner set forth two arguments in support of his contention that he owes no Federal income tax. First, petitioner contends that the income tax applies only to "licensed citizens." While the set consisting of licensed citizens has not been clearly defined, petitioner assures the Court he is not a member. Petitioner's argument proceeds essentially as follows: 1) The 16th Amendment [3] of the United States Constitution did not bestow any new or additional taxing power upon Congress; 2) the income taxes upheld by the Supreme Court prior to the ratification of the 16th Amendment applied to a limited class of persons and their exercise of rights or privileges licensed or created by the states (e.g. corporations); 3) therefore, only a limited class of licensed *35 citizens is subject to the Federal income tax. Even if we agreed that the 16th Amendment conferred no "new" power of taxation, petitioner's premise that the pre 16th Amendment power to tax was limited in the way he suggests is clearly erroneous. As the Supreme Court observed in Brushaber v. Union Pacific Railroad Co.,240 U.S. 1, 17-18 (1916): [4]
It is clear on the face of [the 16th Amendment] that it does not purport to confer power to levy income taxes in a generic sense,--an authority already possessed and never questioned,--or to limit and distinguish between one kind of income taxes and another, but that the whole purpose of the Amendment was to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived. * * * *36 To the extent the income tax prior to the 16th Amendment was limited in the manner suggested by petitioner, the limitation was not imposed by the Constitution, but was restricted as a matter of Congressional discretion. Since the limitation petitioner relies upon is thus illusory, it follows that his claim that he is not "licensed" does not relieve him from either the general obligation to pay income tax imposed on every citizen, nor the specific obligation to pay the deficiencies determined for the years at issue. Petitioner's second argument in support of his position is that Federal Reserve notes do not constitute income to him since they are not redeemable into gold or silver. This argument was considered and rejected in Edward A. Cupp,65 T.C. 68 (1975) on appeal (3rd Cir. July 26, 1976), and Loren R. Gajewski, 67 T.C. (Nov. 10, 1976). We also believe the argument to be without merit. Decisions will be entered under Rule 155. Footnotes
1. On March 22, 1976, respondent moved to amend his answer to reflect the sale of certain real property by petitioner in 1973. As a result of this sale an increased deficiency was asserted by respondent. The motion to amend was granted on September 14, 1976. Although the 1973 sale was, of course, fully within petitioner's knowledge, it was discovered by respondent only a week prior to trial. Petitioner was then given notice that the sale would be raised at trial, and it was discussed at trial without objection. The sale was documented by respondent, and petitioner did not deny it had taken place. The need for the amendment to respondent's answer and the increased deficiency was the direct result of petitioner's failure to cooperate in any way in establishing the extent of his gross income. See section 6001 and section 1.6001-1, Income Tax Regs.↩
2. Again, petitioner refused to cooperate in any way in establishing either his basis in the properties he sold or the price he received for them on resale. Respondent determined both these items by reference to the New York State Real Estate Transfer Tax, which, during all relevant periods was 55 cents per $500 or fractional part thereof. N.Y. Tax Law, section 1401 (McKinney 1975). The basis of petitioner was calculated using a uniform cost per acre for each tract he purchased. In view of petitioner's intransigence, we believe respondent's method of establishing gain or loss to be quite reasonable.↩
3. The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.↩
4. See also Stanton v. Baltic Mining Company,240 U.S. 103 (1916). * * * [In the Brushaber case] it was settled that the provisions of the Sixteenth Amendment conferred no new power of taxation, but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of the category of indirect taxation to which it inherently belonged, and being placed in the category of direct taxation subject to apportionment by a consideration of the sources from which the income was derived,--that is, by testing the tax not by what it was, a tax on income, but by a mistaken theory deduced from the origin or source of the income taxed. * * * [240 U.S. at 112-113.] See also Flint v. Stone Tracy Co.,220 U.S. 107↩ (1911).