JOHN H. and JEAN MURFIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Murfin v. Commissioner
Docket No. 9127-75.
United States Tax Court
T.C. Memo 1977-97; 1977 Tax Ct. Memo LEXIS 345; 36 T.C.M. (CCH) 439; T.C.M. (RIA) 770097; April 4, 1977, Filed *345 Held, Federal reserve notes are dollars for tax purposes. Held further, with the exception of an issue raised by respondent for the first time at trial, petitioners bear the burden of proof which they have failed to carry. John H. Murfin, pro se. *346 Robert M. Smith, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax libility for the calendar year 1973 in the amount of $1,359.69. The issues for decision are: (1) whether Federal reserve notes constitute dollars for purposes of the Internal Revenue Code; (2) whether petitioners or respondent bear the burden of proof; (3) whether petitioners substantiated certain sums which form the basis for their claimed loss deduction and, if so, the character of the loss; and (4) whether petitioners are entitled to a deduction for a casualty loss in excess of that allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, John H. Murfin and Jean Murfin, resided in Richardson, Texas at the time they filed their petition herein. Petitioners filed a timely joint Federal income tax return for the calendar year 1973 with the district director of internal revenue, Austin, Texas. During either *347 1972 or 1973 petitioners, through a friend, Kenneth Pratt (hereinafter Pratt), learned of a prospective oil venture in which they desired to invest. Accordingly they tendered $7,500 to Pratt who, acting as a conduit, transmitted the funds to one Gabru Arnold. During 1973 petitioners learned that they would receive no return on their investment and claimed an ordinary loss deduction therefor on their 1973 return. Respondent determined that the loss was a short term capital loss and that petitioners were limited to a $1,000 loss for 1973 with the remaining portion available as a capital loss carryover. Around 1965 petitioner, John Murfin, purchased a 1962 automobile for $250. During the year at issue the car was damaged and reduced to a salvage value of $50. Petitioners on their return deducted as a casualty loss $875.Respondent determined that petitioners were entitled to a casualty loss deduction in the amount of $150. Before proceeding to the substantive issues at hand several preliminary matters require our attention. First petitioners argue that they owe no taxes for the year in issue because the Federal reserve notes they received are not income in that they are not *348 dollars within the meaning of Title 31 U.S.C. [1] This is so, contend petitioners, because the Federal reserve notes lack intrinsic value since they cannot be redeemed for gold. We have on numerous occasions rejected this argument and continue to do so here. Gajewski v. Commissioner, 67 T.C. 181 (1976); Cupp v. Commissioner, 65 T.C. 68 (1975), on appeal (3d Cir., July 26, 1976). Second, petitioners contend that it is improper, in some respect which is not at all clear, to place the burden of proof on their shoulders with respect to any and all issues. Respondent has made determinations relative to the issue at hand and burden of upsetting these determinations falls squarely on petitioners' shoulders. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
However, at trial respondent for the first time raised the issue of substantiation of the $7,500 loss. In so doing he is attempting to do more than narrow the issue. The notice of deficiency, in allowing a $1,000 capital loss and a carryover, clearly [2] indicates *349 that no issue of substantiation existed. Thus, having raised a new issue at trial respondent must bear the burden of proof thereon. McSpadden v. Commissioner, 50 T.C. 478 (1968). Having failed to proffer any evidence in this regard we hold he has failed to carry his burden on this issue and, accordingly, have found as fact that petitioners did expend the $7,500 in question. Turning now to the substantive issues at hand we deal first with the character of the loss at hand. Petitioner, John Murfin, testified that he tendered $7,500 to Pratt to invest in an oil venture headed by a third party. Unfortunately no evidence appears in the record to indicate the nature of the asset (capital, ordinary, or a bona fide debt) acquired by petitioners. Hence, the burden of proof resting on petitioners, respondent's determination that the loss was a short-term capital loss is hereby sustained. Finally, respondent's determination as it pertains to the casualty loss is also sustained. Pursuant to section 165(c)(3) [3] and the regulations *350 promulgated with respect thereto, [4] the amount of the deductible loss is limited to the excess over $100 of the lesser of the adjusted basis of the property or the decrease in the fair market value of the property before and after the casualty. Since petitioner paid $250 for the car, after application of the statutory floor of $100, petitioners' deductible loss cannot exceed the $150 allowed by respondent. *351 The Court frequently warned petitioner, John Murfin, that its hands would be tied if he did not produce substantiating evidence with respect to the last two issues. Unfortunately petitioner saw fit to direct his energies at trial (and on brief) to an attack on the existing monetary system in this country and the "despotic" acts of the government. No matter how sincere Mr. Murfin may have been, his arguments have a quixotic quality to them, opposed as they are to anundeviating line of judicial authority. Decision will be entered for the Respondent. Footnotes
1. See 31 U.S.C. secs. 314, 444 and 821 (1970)↩.
2. It is, in fact, one of the few clear items in the statutory notice, one paragraph of which would have to be read to be believed.↩
3. Sec. 165(c)(3) (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) shall be limited to-- * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. ↩
4. Sec. 1.165-1(c). Amount deductible. (1) The amount of loss allowable as a deduction under section 165(a) shall not exceed the amount prescribed by sec. 1.1011-1 as the adjusted basis for determining the loss from the sale or other disposition of the property involved. In the case of each such deduction claimed, therefore, the basis of the property must be properly adjusted as prescribed by sec. 1.1011-1 for such items as expenditures, receipts, or losses, properly chargeable to capital account, and for such items as depreciation, obsolescence, amortization, and depletion, in order to determine the amount of loss allowable as a deduction.
Sec. 1.165-7(b). Amount deductible -- (1) General Rule.In the case of any casualty loss whether or not incurred in a trade or business or in any transaction entered into for profit, the amount of loss to be taken into account for purposes of section 165(a) shall be the lesser of either-- (i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis prescribed in sec. 1.1011-1 for determining the loss from the sale or other disposition of the property involved.↩