DONALD H. MATHES and PATRICIA MARIE MATHES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mathes v. Commissioner
Docket No. 4674-76.
United States Tax Court
T.C. Memo 1977-220; 1977 Tax Ct. Memo LEXIS 222; 36 T.C.M. (CCH) 920; T.C.M. (RIA) 770220; July 14, 1977, Filed *222 Donald H. Mathes, pro se. William T. Overton, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION
SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the calendar years 1973 and 1974 in the amounts of $1,318.95 and $2,529.61, respectively. The issue for decision is whether petitioners in reporting their income on their Federal income tax returns are required to report the full face amounts that they received as wages and dividends in Federal Reserve notes or are entitled to report only an amount computed to be the value in gold and silver of these Federal Reserve notes. FINDINGS OF FACT
Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, were residents of Houston, Texas at the time the petition in this case was filed. They filed joint Federal income tax returns for the calendar years 1973 and 1974 with the Director, Internal Revenue Service Center, Austin, Texas. On their return for 1973, petitioners reported as wages or salaries the total amount received by them as reported by their employers on the W-2 forms furnished to petitioners, and in *223 addition reported some dividend income. On May 20, 1975, petitioners filed a Form 1040, U.S. Individual Income Tax Return, which they denominated "Amended 5-19-75 for Statutory Dollars." On this return they reported as income from salaries and dividends approximately 40 percent of the amounts reported on the original return. The amount of income reported on this document entitled as an "Amended" return was based on a complicated computation attached to the "Amended" return. This computation in effect represented the purported number of dollars which would be necessary during the year to purchase 15.238 grains of 90 percent gold. On the "Amended" return the amount so arrived at was stated to represent a "statutory dollar." On the return filed by petitioners for 1974, the amount reported under salaries, wages, and dividends was computed by applying a formula similar to that used in the "Amended" 1973 return to the salaries and wages as reflected on the W-2 forms supplied to petitioners by their employers and to the amount of dividends which petitioners indicated to have been received in Federal Reserve notes. Respondent in his statutory notice of deficiency to petitioners used *224 as petitioners' income for 1973 the amounts shown on petitioners' original 1973 return with certain minor adjustments, which adjustments petitioners by stipulation conceded "in Federal Reserve notes" to be correct. For the year 1974, the adjustment made by respondent consisted entirely of using for salaries, wages and other items of income the amounts petitioners conceded they received in Federal Reserve notes and increasing the deductions which petitioners on their returns had claimed in "statutory dollars." OPINION The minor adjustments made by respondent in connection with the original 1973 return having been agreed to by petitioners, the only issue remaining in this case, as petitioners have stipulated, involves petitioners' statutory dollar argument for the taxable years 1973 and 1974. Petitioners in their memorandum filed with the Court objected to respondent's statement of their position and stated that a more accurate statement of petitioners' position is the following: Petitioners contend that Federal Reserve Notes do not constitute taxable income at their face value because in 1973 and 1974, these notes cannot be defined as the kind of dollars which are the lawful, *225 "money of account of the United States". They are merely notes. The Petitioners have reported their income in Federal Reserve Notes at the fair market value amounts in lawful, statutory "dollars", the "money of account of the United States." By law, Federal Reserve Notes can be equivalent to a statutory dollar only when they are redeemable at par on demand in an appropriate weight of either gold or silver coin or bullion. In Gajewski v. Commissioner,67 T.C. 181, 193 (1976), on appeal (8th Cir., May 23, 1977), we considered a contention by a taxpayer that "a dollar is not a dollar because its purchasing power has allegedly declined and because paper currency cannot be converted to gold." As we pointed out, by the Gold Reserve Act of 1934 all paper currency and coins were made legal tender in payment of an obligation. We discussed in detail cases which held that for the purpose of tax law a dollar is what Congress says it is without regard to its intrinsic value, and further pointed out that we would not subscribe to the proposition that Congress intended the entire Internal Revenue Code to be rendered illusory by its election to make paper rather than gold legal *226 tender. Also, we pointed out that the taxpayers had received money of the United States expressed in dollars and their normal transactions were carried on with this currency. In our view, the holding in the Gajewski case disposes of petitioners' contention here. The holding in Gajewski is in accordance with the holding of this Court in Cupp v. Commissioner,65 T.C. 68 (1975), affd.     F.2d     (3d Cir. 1977), that for the purposes of the income tax law Federal Reserve notes are to be reported at their face value as income. See also, United States v. Schmitz,542 F.2d 782 (9th Cir. 1976). Petitioners would distinguish all these cases by their contention that they are not arguing, as were the taxpayers in the Gajewski and Cupp cases, that Federal Reserve notes had no value and that they should report only what they received in gold and silver coins, but rather are arguing that Federal Reserve Notes represent "notes which under the Internal Revenue law should be reported at their fair market value." From this petitioners conclude that they have properly reported their income since the "fair market value" of their Federal Reserve *227 notes is the quantity of gold and silver which might be purchased with those notes. In our view the holdings in the Gajewski and Cupp cases are broader than petitioners consider them. Those cases held that the paper money authorized by Congress is legal tender in its face amount and therefore payments received by a taxpayer in such money are to be reported on a Federal tax return in the face amount received. In Perkins v. Commissioner,T.C. Memo. 1977-80, filed March 24, 1977, the taxpayers were contending, as are petitioners here, that Federal Reserve notes did not constitute income in their face amount but rather at a reduced value based on the amount of gold and silver which might be purchased at any specific time with Federal Reserve notes. We there pointed out that essentially the taxpayer's argument rested, as did the argument in the Gajewski and Cupp cases, on the fact that Federal Reserve notes were not redeemable in gold and silver. Even though petitioners in the instant case present an extensive argument with respect to the monetary system of the United States and extensive computations on the varying amounts of gold and silver which *228 might be purchased with a Federal Reserve note, in the final analysis petitioners' argument is here, as it was in Gajewski, that the money authorized by Congress as legal tender is not the "dollar" referred to in the Internal Revenue Code. This theory we have consistently refused to accept. Obviously the tax determined by respondent to be due by petitioners will be payable in Federal Reserve note dollars. Therefore, petitioners' underlying complaint as to a claimed deterioration in value of the dollar is equally without merit. Decision will be entered for the respondent.