MARTIN A. GLOWINSKI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55187.   Filed January 31, 1956.

*William A. Macintyre, Esq.,* for the petitioner.
*Andrew Kopperud, Jr., Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* Respondent determined deficiencies against petitioner in income tax and penalties for the years 1951 to 1953, inclusive, as follows: [1]

| Year | Tax | Sec. 294 (d) (2) penalty | Sec. 294 (d) (1) (A) penalty | Sec. 291 (a) penalty |
|---|---|---|---|---|
| 1951 | $123.00 | $7.38 | $12.30 | $30.75 |
| 1952 | 119.00 | 7.14 | 11.90 | 29.75 |
| 1953 | 64.00 | 3.84 | 6.40 | 16.00 |
| | $306.00 | $18.36 | $30.60 | $76.5c |

The basis for respondent's determination of deficiencies is petitioner's failure to report taxable income received in the years in question.

The allegations of the petition are, in material part, as follows:

1. The petitioner is an individual with residence at 2232 West Chicago Avenue, Chicago, Illinois. The returns for the period here involved were never filed with the Collector for the 1st District of Illinois, nor were they ever filed with a Collector of any District. But the failure to so file such returns is not due to any willful neglect or malicious intent on the part of the petitioner to evade the laws of the Bureau of Internal Revenue.

\*          \*          \*          \*          \*          \*          \*

4. The detrimination [*sic*] of tax set forth in the said notice of deficiency is based upon the following errors:

(a) In detirmining [*sic*] the taxable income of the prtitioner [*sic*] for the years of 1951, 1952, and 1953, the Commissioner erroneously refused to adjust the petitioner's income tax returns for the years of 1948, 1949, and 1950, after the petitioner. had discovered that he had been previously taxed on earnings that were non taxable.

(b) [This allegation of error was removed from the case by respondent's concession.]

(c) The commissioner [*sic*] has erroneously added a penalty to the deficiency in the amount of four hundred seventy one dollas [*sic*] and fifty cents

---

[1] As reduced in respondent's amended answer.

($471.50). No grounds or reasons are stated by the Commissioner for the assertion of this penalty. The petitioner contends that there was no intent to evade payment of income tax for the years of 1951, 1952, and 1953.

The facts set out in the petition to support the allegations of error relate to a controversy petitioner had with respondent over his tax liability for 1948, 1949, and 1950.

The prayer for relief in the petition is as follows:

WHEREFORE, THE PETITIONER PRAYS that this Court may hear the proceeding and direct the Commissioner of Internal Revenue to adjust the petioner's [*sic*] tax returns for the years of 1948, 1949, and 1950, and detrimine [*sic*] that the deficiency due from the petitioner for the years of 1951, 1952, and 1953 should not be in excess of $306.00.

Respondent's answer, as amended, denied the allegations of the petition (with the exception of one item that was conceded by respondent). There has been no hearing on the merits of the case. Respondent moved for judgment on the pleadings, and the parties have submitted briefs on the motion.

As set out above the relief sought by petitioner is that (a) the Court "direct the [respondent] to adjust the petioner's [*sic*] tax returns for the years of 1948, 1949, and 1950," and (b) we determine "that the deficiency due from the petitioner for the years of 1951, 1952, and 1953 should not be in excess of $306.00." The latter amount is the amount of the deficiency finally determined by respondent. Thus there is no controversy about the deficiency for the years in question here.

With regard to the relief sought by petitioner for the earlier years, 1948 to 1950, as respondent rightly points out, we have no jurisdiction in this proceeding to determine whether petitioner has overpaid or underpaid his tax. Section 272 (g) of the Internal Revenue Code of 1939 so provides:

(g) JURISDICTION OVER OTHER TAXABLE YEARS.—The Board in redetermining a deficiency in respect of any taxable year shall consider such facts with relation to the taxes for other taxable years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other taxable year has been overpaid or underpaid.

The only remaining matter in controversy between the parties relates to respondent's determination of penalties for failure to file a return (sec. 291 (a)), failure to file a declaration of estimated tax (sec. 294 (d) (1) (A)), and for substantial underestimate of estimated tax (sec. 294 (d) (2)). Petitioner admits that he did not file the foregoing returns, so that the only question in the case could be whether his failure was due to reasonable cause which would excuse the penalties provided in sections 291 (a) and 294 (d) (1) (A), Internal

Revenue Code of 1939. The only facts alleged in the petition to justify petitioner's failure to file such returns relate to his controversy with respondent over his tax liability for the 3 years immediately prior to the period in question here. These allegations, if accepted as undisputed, afford petitioner no relief from the penalties assessed by respondent. The fact that petitioner has a grievance with respondent over his tax liability for particular years is not a justifiable reason for failing to comply with the law requiring the filing of returns and declarations for entirely different years. He must adjust his differences with respondent in the manner prescribed by law in order to assure the orderly administration of the revenue laws. Respondent's motion for judgment on the pleadings, as to deficiencies and penalties for the years 1951 to 1953, inclusive, is therefore granted.

*A decision will be entered dismissing this proceeding and finding the deficiencies to be the amounts determined by respondent.*