**Martin A. GLOWINSKI, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13450.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 30, 1957.

Decided March 7, 1957.

---

20. 15 U.S.C.A. § 717n (a).

21. 60 Stat. 240, 5 U.S.C.A. § 1005(d).

22. 52 Stat. 831, 15 U.S.C.A. § 717r(b).

**636**

Mr. Martin A. Glowinski, petitioner pro se.

Mr. Arthur I. Gould, Atty., Dept. of Justice, of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen. Charles K. Rice, and Messrs. Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, were on the brief, for respondent.

Messrs. Christopher A. Ray and Charles E. Lowery, Sp. Attys., Internal Revenue Service, and Mr. Marvin W. Weinstein, Atty., Dept. of Justice, also entered appearances for respondent.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

█ This is a petition for review of a decision of the Tax Court of the United States. The Commissioner of Internal Revenue sent Mr. Glowinski a notice of deficiency for the years 1951, 1952 and 1953. Penalties for failure to file returns were added to the proposed tax. Mr. Glowinski insisted that he had erroneously paid taxes for the years 1948, 1949 and 1950, and he urged that the Tax Court determine his correct taxes for those years and offset them against the claimed taxes for the later years. The Tax Court correctly decided that it had no jurisdiction to consider the prior years. Commissioner of Internal Revenue v. Gooch Milling & Elevator Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139 (1943).

█ In his argument in this court Mr. Glowinski points out that one of the two items of income upon which the proposed tax for 1951, 1952 and 1953 was based was a "service pension". He says this pension was in fact compensation for injuries received in the course of employment. The Internal Revenue Code [1] excludes from gross income compensation for injuries or sickness.

If the so-called "service pension" was in fact an award of damages on account of personal injuries, Mr. Glowinski should not be taxed upon those payments. See William L. Neill, 17 T.C. 1015 (1951). The difficulty is that, although we have examined the record with care, we cannot find that Mr. Glowinski raised this point in his petition to the Tax Court or that he even so much as hinted at it. So we cannot conclude that the Tax Court committed error in respect to it. As a matter of fact Mr. Glowinski prayed the Tax Court to find that the deficiency due from him was not in excess of $306; and that was the amount finally decided upon by the Commissioner and affirmed by decision of the Tax Court. The taxpayer is obviously unversed in these matters, and perhaps the Commissioner, in the interest of complete justice, may find a way to consider the "service pension" point and, if Mr. Glowinski's position is sound, to grant relief. The judgment of this court is not to be deemed *res judicata* of the issue so as to preclude the Commissioner from inquiring into the subject, deciding the point, and making adjustments if he be so advised.

The decision of the Tax Court must be Affirmed.

---

[1] Int.Rev.Code of 1939, § 22(b) (5), 53 Stat. 10, amended, 56 Stat. 811 (1942) (now Int.Rev.Code of 1954, § 104, 26 U. S.C.A. § 104).