EDWARD A. CUPP, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4828-73.     Filed October 14, 1975.

---

Edward A. Cupp, pro se.
*Joseph M. Abele,* for the respondent.

74

OPINION

Petitioner takes the position that the documents he filed containing the first page of a Form 1040 constitute proper returns for each of the calendar years 1969, 1970, and 1971. While petitioner's position is not completely clear, apparently he is contending (1) that these documents are proper returns since they constitute his petition for redress of grievances in accordance with the rights guaranteed to him under the first amendment of the Constitution of the United States and that not to accept these documents as returns is in violation of his rights under that amendment to the Constitution, and (2) that to require him "to place monetary figures on Federal returns" violates his rights against self-incrimination under the fifth amendment of the Constitution of the United States. Although in his brief petitioner does not stress the point, he is apparently still contending as he did at the trial that the only legal tender under the United States Constitution is gold and silver coins and therefore, the documents he filed for the years 1969, 1970, and 1971 were adequate returns since he reported thereon the amounts he received in silver coins and the fact that he received no gold coins. Petitioner in support of this contention is,

apparently relying on the provisions of article I, section 10, of the United States Constitution which provides that "No State shall * * * make any Thing but gold and silver Coin a Tender in Payment of Debts."

Petitioner also argues (1) that his rights under the fourth amendment were violated by respondent's investigation of his tax liability for the years 1969, 1970, and 1971; (2) that his rights under the fifth amendment were also violated by this investigation in that the investigation did not comply with "due process of law"; (3) that his rights under the sixth amendment were violated in that he was denied counsel of his choosing either before the Internal Revenue Service conferee or before this Court; and (4) that respondent's determination is invalid because of the failure of respondent's representatives to answer his claim for redress of grievances. However, we view petitioner's contentions in these respects to go to his claim of invalidity of respondent's determination and not to his contention that his returns are valid.

Petitioner in his brief does not separately discuss the validity of respondent's determination of additions to tax under section 6651(a) for failure to timely file his returns and section 6653(a) for negligence and disregard of rules and regulations. We gather that petitioner contests these additions to tax only if we sustain his contention that he has in fact filed adequate Federal income tax returns for the years 1969, 1970, and 1971. The record is clear that, unless the documents he filed for 1969, 1970, and 1971 which we have described in our findings of fact are considered to be income tax returns for those years, he has filed no returns for those years as required by statute. It is equally clear from the facts in this record that, if petitioner is required to file income tax returns in substantial compliance with respondent's regulations, he has willfully refused to do so.

In our view petitioner has filed no income tax returns for the calendar years 1969, 1970, and 1971. In the first place the documents which petitioner filed were not signed under penalties of perjury and, as we pointed out in *Peter Vaira*, 52 T.C. 986, 1005 (1969), revd. on other grounds 444 F. 2d 770 (3d Cir. 1971), in order for a Form 1040 to constitute a valid income tax return it must be signed by the taxpayer under penalties of perjury. In the *Vaira* case we called attention to the fact that the Supreme Court in *Lucas v. Pilliod Lumber Co.*, 281 U.S. 245

(1930), and this Court in *Theodore R. Plunkett,* 41 B.T.A. 700, 710-711 (1940), affd. 118 F. 2d 644 (1st Cir. 1941), had held that a return form unsupported by oath could not constitute a valid return. We then concluded that the change in the law removing the oath requirement and substituting instead a verification subject to penalties of perjury was merely a change to avoid inconvenience to taxpayers and did not intend to change the result reached by the Supreme Court in *Lucas v. Pilliod Lumber Co., supra.* We therefore conclude that since petitioner did not sign the documents which he claims to be returns for the years 1969, 1970, and 1971 under penalties of perjury they do not constitute valid returns.

However, it is equally clear that in order for a document to constitute a tax return of a taxpayer, it must contain sufficient data from which respondent can compute and assess his liability with respect to a particular tax. *Commissioner v. Lane-Wells Co.,* 321 U.S. 219 (1944); *Marko Durovic,* 54 T.C. 1364, 1387-1388 (1970), affd. on this issue and revd. and remanded in part on other issues 487 F. 2d 36 (7th Cir. 1973). Petitioner in this case disclosed no data on the documents he filed from which respondent could compute and assess his liability with respect to his income taxes for the calendar years 1969, 1970, and 1971. As we pointed out in *John H. Houston,* 38 T.C. 486, 491-492 (1962), showing only a name, address, social security number, and date on a document falls far short of the information necessary to be shown on a return to enable respondent to compute and assess a tax. See also *Louis Richard Hosking,* 62 T.C. 635, 639 (1974), citing the cases above discussed.

In *Louis Richard Hosking, supra* at 639, we stated that the law is well settled that the requirement that taxpayers file tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate a taxpayer's privilege against self-incrimination under the fifth amendment. *United States v. Sullivan,* 274 U.S. 259 (1927). A similar conclusion has been reached in cases involving criminal prosecution of taxpayers for willful failure to file Federal income tax returns. In *United States v. Daly,* 481 F. 2d 28 (8th Cir. 1973), the court upheld the defendant's conviction under section 7203 for willful failure to file Federal income tax returns. In that case the documents which had been submitted by the defendant to the Internal Revenue Service for the years for which he was

convicted of a willful failure to file returns were substantially the same as the documents petitioner in the instant case submitted for the years 1969, 1970, and 1971. In the *Daly* case, *supra,* the court concluded that the documents filed by the defendant were not income tax returns and relying on statements in *United States v. Porth*, 426 F. 2d 519 (10th Cir. 1970), held defendant's contention that the requirement that he put figures on his tax return violated his rights under the fifth amendment without merit. The court pointed out that defendant's position of blanket refusal to answer any questions on the return relating to his income or expenses was unjustified even if a particular question might be incriminating. The court quoted from *United States v. Sullivan, supra,* to the effect that if the return called for answers that the defendant was privileged from making he might raise an objection in the return to giving those answers but could not on that account in effect refuse to make any return at all. The court also quoted a statement from the decision in *Heligman v. United States*, 407 F. 2d 448, 450, 452 (8th Cir. 1969), cert. denied 395 U.S. 977 (1969), to the effect that a taxpayer is not the final arbiter of the fifth amendment privilege but that such privilege could be asserted only with respect to a particular question and that it is up to the court then to determine whether the privilege is applicable, and—

The public need for requiring voluntary disclosures of income transcends any personal right to thwart national objectives by allowing an undisclosed self-determination of possible incrimination, thus excusing compliance with the income tax laws. We, therefore, hold that the Fifth Amendment privilege against incrimination does not extend to defendant's failure to file * * *

See also *Kasey v. United States*, 457 F. 2d 369, 370 (9th Cir. 1972), affg. 54 T.C. 1642 (1970); *E. Jan Roberts*, 62 T.C. 834, 838 (1974).[2]

Also in *United States v. Daly, supra,* the court disposed of a contention similar to that made by petitioner in this case that the only "Legal Tender Dollars" are those made of gold and silver, with the statement that "This contention is clearly frivolous." See also *Koll v. Wayzata State Bank*, 397 F. 2d 124

---

[2] The cases of *Grosso v. United States*, 390 U.S. 62 (1968), and *Marchetti v. United States*, 390 U.S. 39 (1968), relied on by petitioner, involving wagering taxes are distinguishable from the instant case. As the Court there pointed out, the hazards of self-incrimination were "real and appreciable" since "unlike the income tax return in question in *United States v. Sullivan*, 274 U.S. 259" every portion of the requirements had the direct "consequence of incriminating petitioner."

(8th Cir. 1968). We likewise consider this contention frivolous. As respondent points out in his brief, the provision of article I, section 10, of the United States Constitution does not relate to the Federal Government but merely provides that "No State shall * * * make any Thing but gold and silver Coin a Tender in Payment of Debts." The fact that the provision of the Constitution which petitioner quotes applies only to States and not to the Federal Government is in itself sufficient to dispose of petitioner's "Legal Tender Dollars" contention. In *Cupp v. The Secretary of Treasury, et al.,*[3] an unreported case (W.D.Pa. 1973, 34 AFTR 2d 74-5302, 74-2 USTC par. 9610), the court dismissed the plaintiff's action which attempted to establish the unconstitutionality of the graduated income tax and that he received no dollar income because the dollars he received were not gold or silver and this decision was affirmed by the Court of Appeals for the Third Circuit, 493 F. 2d 1400 (1974). See also *Hartman v. Switzer,* 376 F. Supp. 486, 490 (W.D.Pa. 1974), and cases there cited for the proposition that "The claim that legal tender is only gold and silver and the money system of the United States is unconstitutional is clearly spurious." We therefore conclude that petitioner filed no returns for the calendar years 1969, 1970, and 1971 and has shown no reasonable cause for failure to file. The record clearly shows willfulness by petitioner in refusing to comply with rules and regulations in filing proper returns. We sustain the additions to tax determined by respondent under sections 6651(a) and 6653(a). *Martin A. Glowinski,* 25 T.C. 934 (1956), affd. per curiam 243 F. 2d 635 (D.C. Cir. 1957); *Parker v. Commissioner,* 365 F. 2d 792 (8th Cir. 1966), affg. in part, revg. in part, and remanding a Memorandum Opinion of this Court; *George I. Fullerton,* 22 T.C. 372, 379-380 (1954).

Petitioner also contends that respondent's determination of tax is invalid because in obtaining petitioner's bank statements and other information with respect to his financial situation from third parties respondent violated the provisions of the fourth amendment of the Constitution against illegal searches and seizures and the provisions of the fifth amendment in that petitioner was not afforded due process in being present when respondent made the investigation and in being granted a judicial hearing before respondent made his determination. Petitioner

---

[3] The full name of the plaintiff in this case is "Dr. Edward A. Cupp" making it obvious that the petitioner in this case is the same person as the plaintiff in that case.

apparently also contends in this respect that his rights under the first amendment were violated in that his returns were not treated by respondent as petitions for redress of grievances.

We find no merit to any of these contentions of petitioner. The record clearly shows that respondent obtained the information from various banks and other sources as to petitioner's receipts and expenditures after petitioner refused to furnish respondent with his books and records or any information with respect to his income and expenses. Respondent made no search or seizure of petitioner's records or of the records of the banks in which petitioner maintained accounts or persons from whom he made purchases. The record shows that the banks and other persons from whom respondent obtained information voluntarily complied with respondent's request for information which was contained in their records of transactions with petitioner, not petitioner's records in their possession. Since respondent made no search or seizure of petitioner's records, no rights of petitioner under the fourth amendment have been violated. See *Donaldson v. United States*, 400 U.S. 517, 522 (1971), and cases there cited; *United States v. Continental Bank & Trust Co.*, 503 F. 2d 45 (10th Cir. 1974). The law is well settled that respondent is entitled to use other reasonable methods of determining a taxpayer's income where the taxpayer either has inadequate records or does not make his books and records available for audit. *Holland v. United States*, 348 U.S. 121 (1954); *Joseph F. Giddio*, 54 T.C. 1530 (1970); *Harry Gordon*, 63 T.C. 51, 78 (1974). At the trial of this case petitioner was informed by the Court that, if he produced no evidence to show error in respondent's determination, the tax as set forth in the notice of deficiency would be approved unless, as he contended, the deficiency notice was held invalid or respondent's method of computation shown to be arbitrary. Petitioner produced no evidence and in fact refused to answer questions when the Court attempted to solicit information from him respecting his income and expenses. Where a taxpayer refuses to produce "evidence solely within his possession which, if true, would be favorable to him" the presumption arises that "if produced it would be unfavorable." *W. A. Shaw*, 27 T.C. 561, 573 (1956), affd. 252 F. 2d 681 (6th Cir. 1958). Petitioner was afforded every opportunity both in the investigation and in a district conference to show a proper computation of his taxable income or any error

in respondent's proposed computation. Petitioner refused to make any such showing. Clearly there was no violation of the "due process" clause of the fifth amendment by respondent. The providing of a conference before the Appellate Division of the Internal Revenue Service is not essential to the validity of a notice of deficiency. *Anthony B. Cataldo,* 60 T.C. 522 (1973), affd. per curiam 499 F. 2d 550 (2d Cir. 1974). Petitioner also contends that his returns were intended as petitions seeking redress of grievances and that he was entitled to have respondent's computation of his tax liability rejected because he has received no reply to his petition for redress of grievances. In *Abraham J. Muste,* 35 T.C. 913 (1961), we rejected a contention of a taxpayer that he was entitled to have respondent's computation rejected because he in good faith, based on religious beliefs, did not agree with it, pointing out that requiring the taxpayer to be subjected to the taxing statute was not a restriction on his free exercise of religion in violation of the first amendment. In *United States v. Malinowski,* 472 F. 2d 850, 857 (3d Cir. 1973), the court stated with respect to a claim by a taxpayer that a Form W-4 filed by him claiming 13 dependency exemptions when he knew that he was legally entitled to only 2 such exemptions was a petition for redress of grievances under the first amendment of the Constitution as follows:

Moreover, we are not at all certain that appellant's argument here is more than a restatement in constitutional terms of his previously asserted "good faith" defense, which we have rejected. If accepted here, there would be no bounds to the operation of this defense. To urge that violating a federal law which has a direct or indirect bearing on the object of the protest is conduct protected by the First Amendment is to endorse a concept having no precedent in any form of organized society where standards of societal conduct are promulgated by some authority.

Prescinding from issues replete with emotional overtones, such as the Vietnam War, could appellant seriously assert a First Amendment defense to a prosecution under similar circumstances if the object of his protest centered on the use of limousines by Cabinet officers, or a grant of federal funds to inner-city schools? Could appellant utilize this technique if he were protesting the use of federal funds to support cancer research on the St. Joseph's College campus?

Thus posited, appellant's First Amendment argument is but a suggestion that a member of society can be absolved of the responsibility for obeying a given law of the community, state, or nation if he can prove a sincere, abiding, and good faith objection to the direct or indirect object of that law. Such a position represents a feeble effort to emasculate basic principles of civil disobedience, and, simply stated, is invalid. Here, the actor wants the best of both worlds; to disobey, yet to be absolved of punishment for disobedience. A similar contention

was rejected in *Moylan,* * * * [*United States v. Moylan,* 417 F. 2d 1002 (4th Cir. 1969)].

We consider petitioner's first amendment argument here to be likewise invalid. To accept petitioner's argument here would result in any person who wished to use part of an income tax form to file a document stating he was seeking redress from grievances avoiding payment of taxes on his income. The cases cited by petitioner dealing with such rights as printing of documents by a newspaper and labor unions or other organizations furnishing information as to certain rights to members are clearly distinguishable on their facts from the instant case.

The determination of petitioner's income tax liability for 1969, 1970, and 1971 is reasonable under the circumstances of this case. See *Arthur Figueiredo,* 54 T.C. 1508 (1970), affd. in an unpublished order (9th Cir. 1973). We therefore sustain this determination except that petitioner is entitled to three dependency exemptions for his three children in each year, as respondent concedes in his brief. Petitioner has totally failed to prove that respondent otherwise erred in his determination of the deficiencies in tax and additions to tax as set forth in the notice of deficiency.

Even though petitioner makes a separate argument that the Federal income tax is unconstitutional because of taxing amounts received by petitioner in forms other than gold and silver coins we have, in concluding that petitioner was not justified in refusing to report other than gold and silver coins on an income tax form, in effect disposed of this argument. The constitutionality of the income tax was early upheld by the Supreme Court; *Brushaber v. Union Pacific R.R. Co.,* 240 U.S. 1 (1916). An argument similar to petitioner's in this case was disposed of in *United States v. Porth, supra* (426 F. 2d at 523). The court in that case pointed out that while the defense of unconstitutionality of the income tax grows out of the defendant's longtime dislike for the tax and money system of the United States, the claim was insubstantial and without merit. The court quoted language from *Porth v. Brodrick,* 214 F. 2d 925, 926 (10th Cir. 1954), referring to such allegation as "farfetched and frivolous." This same description is appropriate as to petitioner's argument that the United States Tax Court cannot pass on the constitutionality of a statute imposing an income tax. See *David B. Barr,* 51 T.C. 693 (1969).

Petitioner's final arguments deal with his dislike of the Court's refusing to allow a person not admitted to practice before this Court and not an attorney admitted to practice before any court, State or Federal, to represent him as counsel; the fact that he was not granted a jury trial; and the denial of his request that the Judge before whom the trial was scheduled recuse herself since he had recently filed a suit naming her, together with all of the Judges of the United States Tax Court and their spouses, substantially all of the United States District Court Judges, and substantially all of the Judges of the United States Circuit Courts of Appeals, as well as numerous other persons, as defendants.

Rule 24 of the Rules of Practice and Procedure of this Court provides that counsel may enter an appearance either by subscribing to the petition or other initial pleading or by filing a separate entry of appearance. Subparagraph (4) of paragraph (a) provides as follows:

(4) *Counsel Not Admitted to Practice:* No entry of appearance by counsel not admitted to practice before this Court will be effective until he shall have been admitted, but he may be recognized as counsel in a pending case to the extent permitted by the Court and then only where it appears that he can and will be promptly admitted. For the procedure for admission to practice before the Court, see Rule 200.

Paragraph (b) of Rule 24 provides for personal representation without counsel. Petitioner in a document entitled "Notice Under Rule 91" specifically stated that "counsel of his choosing" was "a person not licensed by any Court." So that the record would be clear the Court specifically asked whether the person petitioner referred to as "counsel of his choosing" was admitted to practice before the United States Tax Court and the reply was that he was not.

The requirement that only qualified persons are permitted to represent litigants before this Court is for the protection of litigants by insuring that only persons able to properly represent a party appear for him. Petitioner in this case was afforded full opportunity to be heard and to represent himself at the trial.[4] Petitioner's reliance on the sixth amendment of the Constitution of the United States is totally misplaced. The sixth amendment of the United States Constitution deals with criminal

---

[4] The facts in this case bear no resemblance to those in such cases as *Johnson v. Avery,* 393 U.S. 483 (1969), and *United States v. Tarlowski,* 305 F. Supp. 112 (E.D.N.Y. 1969), relied on by petitioner.

prosecution and is not applicable to a civil proceeding. Petitioner here was afforded full opportunity to be heard and therefore we conclude that no rights of his were violated at the trial because a person not properly qualified to represent him before this Court was not permitted to act as his attorney during the trial.

Petitioner's contention that he is entitled to a jury trial before the United States Tax Court is likewise without merit. In *Olshausen v. Commissioner,* 273 F. 2d 23, 27 (9th Cir. 1959), the court pointed out that where a taxpayer takes advantage of the procedure of filing a petition in the Tax Court without payment of the tax, any deprivation of a jury trial is due to his own act. If a taxpayer desires a jury trial, he must pay the tax and sue for refund thereof. It is well settled that in a suit concerning Federal tax liability, no right to a jury trial exists under the seventh amendment to the Constitution guaranteeing a jury trial in common law actions. See also *Hartman v. Switzer,* 376 F. Supp. 486, 489-490 (W.D.Pa. 1974), and cases there cited.

In reply to petitioner's contention that the trial Judge erred in not recusing herself, the statement made by Judge Willson in *Cupp v. Levi, et al.,* —— F. Supp. —— (W.D.Pa. 1975, 36 AFTR 2d 75-5690, 75-2 USTC par. 9670), is equally applicable here.[5] In that case Judge Willson, in explaining his denial of the plaintiff's motion that he recuse himself, stated:

> Plaintiff asserts that because I am a defendant in *Adams, et al. v. Burger, et al.,* Civil Action No. 75-56, and *Brobeck, et al. v. Levi, et al.,* Civil Action No. 75-589, actions filed in this district in which plaintiff here is a co-plaintiff, my impartiality is subject to question. The motion is frivolous since every federal judge in this District, and virtually all federal judges throughout the United States have been named as defendants in those actions. Plaintiff continually harps upon the alleged denial to him of a forum in which he can petition for a redress of his grievances, yet by the device of naming almost the entire federal judiciary as defendants in other actions, he would deprive himself of a forum by his own theory that this automatically disqualifies any judge so named as a defendant. Furthermore, this court has no interest in the pending action and will view it with the impartiality given to any other action.

All Judges of the United States Tax Court have been named as defendants in actions brought by petitioner in various courts making general allegations of purported violations of his constitutional rights. Were the Judge before whom petitioner's case came up for trial to recuse herself because of the pendency of

---

[5] The plaintiff is Edward A. Cupp, obviously the same person as the petitioner in this case.

these actions, there would be no Judge of the Tax Court who could hear petitioner's case. By statute, except where the tax is in jeopardy, respondent is prohibited from collecting any deficiency he has determined against a taxpayer during the pendency of a case in this Court. If petitioner's position in this case with respect to the necessity for a Judge to recuse himself were to be sustained, he could effectively postpone indefinitely the collection from him of any Federal income tax by refusing to voluntarily pay any tax, bringing respondent's determination of deficiency before this Court and shortly before his case was set for trial filing a suit, no matter how frivolous the allegations contained in the complaint, naming all the Judges of the Tax Court as defendants. The statute permitting a taxpayer to contest the validity of a proposed deficiency before the Tax Court without being required to make payment thereof was not intended to provide a device for a taxpayer to indefinitely postpone the collection by the Government of the amount of the deficiency rightfully owed.

Except that petitioner in computing his income tax for each year here in issue is entitled to four exemptions (one for himself and three for his dependent children), we sustain respondent's determination with respect to deficiencies in petitioner's income tax and additions to tax for the years 1969, 1970, and 1971.

*Decision will be entered under Rule 155.*