GORDON L. GEMPEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gempel v. Commissioner
Docket No. 8190-73.
United States Tax Court
T.C. Memo 1978-7; 1978 Tax Ct. Memo LEXIS 505; 37 T.C.M. (CCH) 22; T.C.M. (RIA) 780007; January 9, 1978, Filed *505 Petitioner intentionally failed to file income tax returns for the years 1966 through 1971 due to a dispute with the Commissioner over his tax liability for a year not before the Court. Held, failure to file income tax returns was due to willful neglect and intentional disregard of rules and regulations, and additions to tax under 6651(a) and 6653(a) upheld. Gordon L. Gempel, pro se. Robert D. Kaiser, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: In a notice of deficiency mailed August 15, 1973, respondent determined deficiencies in petitioner's income tax *506 returns for 1966-1971, and additions to tax for those years under sections 6651(a), 6653(a), and 6654(a) [1] as follows: Additions to Tax
Section
Section
Section Year
Deficiency
6651(a)
6653(a)
6654(a)
1966
$1,799.10
$ 249.78
$ 89.96
$ 19.36
1967
2,792.70
448.18
139.64
49.68
1968
4,807.85
801.96
240.39
95.33
1969
4,421.77
605.44
222.09
63.37
1970
8,398.54
1,474.63
419.93
229.62
1971
9,211.57
1,677.89
460.58
255.25
The parties have resolved the deficiencies by stipulations. Thus, the sole issue remaining for our consideration is whether petitioner's failure to file his income tax returns for the years in issue was due to reasonable cause or to willful neglect or intentional disregard of rules and regulations. [2]
Petitioner also requests the privilege of filing joint returns for the year 1969, 1970 and 1971. FINDINGS OF FACT The facts in this case are not in dispute. Gordon L. Gempel (hereafter *507 petitioner) was a resident of Harbor Beach, Mich., at the time of filing his petition. Petitioner filed estimated tax returns for the years in issue and paid on the estimates as filed. However, petitioner did not file individual income tax returns for the taxable years 1966 to 1971, inclusive. Respondent, therefore, computed petitioner's tax using the married, filing separate status. Petitioner is married and a self-employed businessman operating an insurance agency in Harbor Beach, Mich., under the name Gordon Gempel Insurance Agency. Petitioner refused to file his returns because of an administrative dispute with the Internal Revenue Service with respect to a prior year not in issue. It is unquestioned that petitioner acted in good faith and believed he was justified in not filing his returns in order to force the Internal Revenue Service to resolve the dispute which was due in large part to the Service's inattention to petitioner's request for assistance and to claims for refunds. Petitioner was continually in contact with the Service during the entire period, and at no time did he attempt to conceal the fact he did not file and at all times he made available his business *508 and personal records to the Service. OPINION Petitioner requests the privilege of filing joint returns for the years 1969, 1970, and 1971 on the grounds that the statute of limitations had not run on those years at the time of the audit in 1972. This issue was previously decided against petitioner by Court order dated December 4, 1975. Section 6651(a) [3] imposes an addition to tax for failure to file unless such failure is due to reasonable cause and not due to willful neglect. The regulations provide little indication of what constitutes reasonable cause, stating simply that "if the taxpayer exercised ordinary care and prudence and was nevertheless unable to file the return within the proscribed time, then the delay is due to a reasonable cause. Sec. 301.6651-1(c)(1), Income Tax Regs. Petitioner, of course, has the burden of proof on this issue. Fischer v. Commissioner,50 T.C. 164 (1968). *509 Petitioner withheld filing returns for the years 1966 through 1971 due to an administrative dispute with the Internal Revenue Service with respect to a prior year not before the Court. While we are sympathetic to petitioner, we stated in Glowinski v. Commissioner,25 T.C. 934 (1956), affd. per curiam 243 F. 2d 635 (D.C. Cir. 1957), The fact that petitioner has a grievance with respondent over his tax liability for particular years is not a justifiable reason for failing to comply with the law requiring the filing of returns and declarations for entirely different years. * * * The addition to tax must, therefore, stand. Section 6653(a) [4] imposes an addition to tax whenever "any underpayment * * * is due to negligence or intentional disregard of rules and regulations." Petitioner's allegations and testimony show that he intended to disregard those rules and regulations which required him to pay Federal income taxes. Petitioner's good faith in not trying to avoid taxes does not negate that intent. See Muste v. Commissioner,35 T.C. 913, 919 (1961). Therefore, respondent's assertion of the additions to tax under section 6653(a) *510 is sustained for all years in issue. Because of the concessions by both parties on other issues, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 in effect during the taxable years in issue.↩
2. In brief, petitioner abandoned the issue of additions to underpayment of estimated tax.↩
3. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩
4. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩