SHELDON R. GILES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giles v. Commissioner
Docket No. 421-79.
United States Tax Court
T.C. Memo 1979-456; 1979 Tax Ct. Memo LEXIS 70; 39 T.C.M. (CCH) 488; T.C.M. (RIA) 79456; November 19, 1979, Filed Sheldon R. Giles, pro se. Stewart C. Walz and Dan Lisonbee, for the respondent. SCOTT
MEMORANDUM OPINION
SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1972 and 1973 and additions to tax as follows: Deficiencies
in
Additions to Tax, I.R.C. 1954 [1]
Year
Income Tax
Sec. 6651(a)(1)
Sec. 6653(a)
1972 $ 995.97
$ 93.09
$ 49.80
1973
1,111.22
211.06
55.56
Total
$2,107.19
$304.15$105h.36
By stipulation petitioner conceded that the deficiencies in tax as determined by respondent were correct. Therefore, the only *71 issue here for decision is whether respondent properly determined the additions to tax for failure to timely file returns and for negligence. All of the facts have been stipulated and are found accordingly. At the time of the filing of his petition in this case, petitioner resided in Magna, Utah. On or about September 4, 1976, petitioner filed with the Internal Revenue Service a document on a Form 1040 which had printed at the top "1975." This printing was scratched through and "1972" was written above the printed "1975." The document filed by petitioner purporting to be his income tax return for the taxable year 1972 contained no information as to income and deductions. The document showed that petitioner claimed two personal exemptions and six dependency exemptions. It had the word "none" inserted in the spaces where information should have been furnished. Attached to the return was a Form W-2 issued to petitioner for the year 1972 by Utah Power & Light Co. On or about September 4, 1976, petitioner filed a document on Form 1040, again with the printed "1975" scratched through and "1973" written above the printed year. This form had attached to it a Form W-2 issued to *72 petitioner for 1973 by Utah Power & Light Co. On this Form 1040 petitioner claimed two personal exemptions and six dependency exemptions. No other informaltion was furnished on the form. In the spaces provided for other information was written the word "none." This Form 1040 filed by petitioner purported to be his income tax return for the taxable year 1973. On or about August 1, 1972, petitioner presented to his employer a Form W-4 which listed 17 exemptions and explained to his employer that because of the exemptions he claimed there should be no further withholding from his salary. On the Form W-4, petitioner crossed out the words that it was signed under penalty of perjury. For this reason petitioner's employer refused to honor the Form W-4. On or about May 7, 1973, petitioner filed another Form W-4 with his employer listing 20 exemptions. Petitioner's employer informed the Internal Revenue Service that since nothing was crossed out on this form it would be honored. On or about June 18, 1973, petitioner filed a Form W-4E with his employer which stated that he had no Federal income tax liability for the prior year and anticipated none for the current year. Petitioner's *73 employer withheld no Federal income tax from petitioner's wages after June 18, 1973. On or about May 28, 1974, petitioner was found guilty by a jury on two counts of willfully supplying false and fraudulent withholding informaltion to his employer on the basis of the Form W-4 submitted in May 1973 and the Form W-4E submitted in June 1973. On May 7, 1975, petitioner filed a document on a Form 1040 for 1974 which set forth no informaltion with respect to petitioner's income and expenses and in the spaces provided therefor had either the word "none" or "* *." This document showed that petitioner claimed eight exemptions. Attached to this document was a 43-page document stating in general terms that the 1974 return was filed under protest and that petitioner was claiming his constitutional rights to freedom of speech under the 1st Amendment and his rights guaranteed by the 4th, 5th, 7th, 9th and 10th Amendments. The Form W-2 attached to the Form 1040 filed by petitioner for 1972 showed wages paid to petitioner by Utah Power & Light Co. in the amount of $12,390.75. The Form W-2 for 1973 showed wages paid to petitioner by Utah Power & Light Co. in the amount of $12,914.63. *74 Respondent in the notice of deficiency computed petitioner's tax on the basis of the wages shown on the Forms W-2 attached to the Forms 1040 filed by him for 1972 and 1973, the allowance of a $1,000 standard deduction and the allowance of eight exemptions totaling $6,000. Respondent determined the additions to tax under section 6651(a)(1) and section 6653(a) as follows: Additions to Tax
1972
1973
Delinquency - Section 6651(a)(1)
Correct tax liability
$995.97
$1,111.22
Less: Timely prepayments
623.62
266.98
Net amount due
$372.35 $ 844.24
X 25%
X 25%
Addition to tax
$ 93.09 $ 211.06
Negligence - Section 6653(a)
Correct tax liability
$995.97
$1,111.22
Less: Tax liability reported on
timely return
0
0
Underpayment
$995.97
$1,111.22
X 5%
X 5%
Addition to tax
$ 49.80 $ 55.56
Even if the documents filed by petitioner for 1972 and 1973 were considered to be returns, they were not timely filed. Since petitioner has made no showing of any reasonable cause for failure to timely file his return, respondent properly determined additions to tax for failure of petitioner to file timely returns. Unless the Forms W-2 attached to the *75 Forms 1040 filed by petitioner are considered to effectively contain the information necessary to be shown on a return, the documents filed by petitioner are clearly not returns within the meaning of the statute. See Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). The burden is on petitioner to show error in respondent's determination of an addition to tax for negligence. Courtney v. Commissioner,28 T.C. 658, 670 (1957). Petitioner has made no showing of error in respondent's determination and, in fact, the stipulated facts here indicate that the deficiencies are due to petitioner's negligence in not properly reporting his income. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩