AUGUST W. KLEINAU and VIRGINIA S. KLEINAU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kleinau v. Commissioner
Docket No. 9480-79.
United States Tax Court
T.C. Memo 1982-52; 1982 Tax Ct. Memo LEXIS 694; 43 T.C.M. (CCH) 456; T.C.M. (RIA) 82052; February 8, 1982. *694 In two separate Court appearances, petitioners failed to testify or submit any other evidence in support of their claimed "contribution" deduction. Held, respondent's motion to dismiss pursuant to Rule 149(b), Tax Court Rules of Practice and Procedure, is sustained. August W. Kleinau, pro se. Kristine A. Roth, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is before the Court on respondent's motion to dismiss pursuant to Rule 149(b), Tax Court Rules of Practice and Procedure.
By notice of deficiency dated April 12, 1979, respondent determined a deficiency in petitioners' Federal income tax for 1975 in the amount of $ 1,280.49. Petitioners August *695 W. Kleinau and his wife Virginia S. Kleinau resided in Akron, Ohio at the time of filing the petition herein. Virginia S. Kleinau is a party to this proceeding solely by reason of her filing a joint income tax return with August W. Kleinau (hereinafter petitioner). The deficiency in this case resulted from respondent's disallowance of $ 7,069.57 in deductions taken by petitioner for "contributions." The petition, filed on July 5, 1979, stated that petitioner received $ 14,841.50 in exchange for labor at "fair or less than fair market value." Petitioner further stated that "Congress never taxed nor intended to tax compensation for labor as 'Income.'" Petitioner referred to himself as a "church and college-trained charismatic worker" who "worked with his own hands to supply all contributions and expenses of a God-given ministry." No specific explanation of the deduction was given. Trial was set for October 9, 1980 in Cleveland, Ohio. At trial petitioner, appearing pro se, refused to take the witness stand and submit evidence in support of his claimed contribution deduction. He admitted to the Court that he received wages during the year in question but stated that he owed no *696 tax on such wages since he was paid in Federal Reserve Notes instead of silver dollars. He further contended that all Federal Reserve Notes and moneys spent to exercise religion are fully tax-exempt. At his request, petitioner was granted a continuance in order to seek and obtain counsel. However, he was warned by the Court that if he was not prepared to try the case, with or without counsel, when the trial resumed, his case would be dismissed for lack of prosecution. Thereafter, the case was called from the trial calendar at Cleveland, Ohio on October 26, 1981. At that time, again appearing without counsel, petitioner renewed his constitutional arguments. He stated that he had no taxable income for the year 1975 despite his admitted receipt of wages during that year. He further stated that the taxes that he did pay for that year were entirely voluntary. Petitioner once again refused to take the stand. Since no evidence was submitted by petitioner, respondent renewed his Motion to Dismiss for Lack of Prosecution. The Court requested respondent to file a written motion to dismiss and allowed petitioner 30 days to file a brief in opposition thereto. Respondent thereafter *697 filed a Motion to Dismiss for Lack of Prosecution and petitioner was ordered to reply to the Court within 30 days, stating reasons why respondent's motion should not be granted and the deficiency determined by respondent should not be sustained. The motion was filed on October 30, 1981 and was served on petitioner. Thereafter, petitioner filed a "motion for default" which was denied by the Court. Petitioner stated in the motion that no copy of the Motion to Dismiss for Lack of Prosecution had been received. In his "Answer" to respondent's motion, which was filed over 2 weeks late, petitioner simply restated his constitutional arguments. Petitioner has failed to produce any evidence in support of the contention that he should be entitled to the claimed deduction for charitable contributions. He has refused to testify, and the only arguments that he has presented to this Court are frivolous. Wages are taxable, the income of a minister is taxable, and income received in the form of Federal Reserve Notes is taxable. Sec. 61(a)(1); Hamblen v. Commissioner, 78 T.C.     (Jan. 20, 1982); Cupp v. Commissioner,65 T.C. 68, 80-81, 84 (1975), affd. without published *698 opinion 559 F.2d 1207 (3d Cir. 1977), Under the circumstances of this case, we conclude that respondent's motion to dismiss should be sustained. An appropriate order will be entered.