MARINA A. BRANCH and MALCOLM H. BRANCH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Branch v. Commissioner
Docket No. 18957-82.
United States Tax Court
T.C. Memo 1985-296; 1985 Tax Ct. Memo LEXIS 337; 50 T.C.M. (CCH) 176; T.C.M. (RIA) 85296; June 20, 1985. Malcolm H. Branch, pro se. Thomas J. Miller, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes for the taxable years 1976, 1977, 1978, and 1979, and additions to tax under sections 6651(a) [1] and 6653(a) as follows: Taxable
Additions to
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
1976
$4,843.13
$1,424.88
$290.90
1977
57,430.59
14,157.65
2,930.53
1978
1,446.00
138.85
189.14
1979
3,056.35
428.41
253.13
The issues for decision are: (1) whether petitioners have substantiated the claimed deductions, expenses, credit, and bases disallowed by the Commissioner; (2) whether petitioners are liable for additions to tax under section 6651(a) for failure to timely file Federal *338 income tax returns for the taxable years 1976, 1977, 1978, and 1979; (3) whether petitioners are liable for additions to tax under section 6653(a) for underpayment of income tax for the taxable years 1976, 1977, 1978, and 1979, due to negligence or intentional disregard of regulations. Findings of Fact None of the facts in this case were stipulated despite respondent's continued efforts to meet with petitioners or otherwise arrange for the preparation of stipulations. Respondent served requests for admissions upon petitioners on July 11, 1984. When petitioners failed to deny the factual allegations set forth in respondent's request for admissions, the matters contained therein were deemed admitted. Rule 90(c). Marina A. Branch [2] and Malcolm H. Branch (hereinafter referred to as Marina and Malcolm, respectively, or petitioners, collectively) were residents of Tahlequah, Oklahoma, at the time the petition in this case was filed. Petitioners filed *339 joint Federal income tax returns for the taxable years 1976, 1977, 1978, and 1979 with the Internal Revenue Service Center in Austin, Texas, on the following dates: Taxable
Year
Date Filed
1976
December 26, 1979
1977
May 21, 1979
1978
June 15, 1979
1979
July 14, 1980
Petitioners claimed the following deductions on their Federal income tax returns for the taxable years 1976, 1977, 1978, and 1979: [3]
Taxable Year
Item
1976
1977
1978
1979
Car and truck expenses
$1,999.79
$1,393.96
$1,906.73
Travel expenses
708.23
$1,210.80
Loss on sale of
office equipment
6,385.00
Depreciation
294.00
Interest on business
indebtedness
1,400.00
Other business expenses
14,569.92
6,276.98
6,834.60
13,033.57
Livestock expenses
4,786.87
Rental property expense
5,069.91
Schedule A deductions
in excess of standard
deduction
12,650.38
7,836.75
5,458.39
5,081.39
*340 Petitioner also reported a net long-term capital gain of $24,015.71 with respect to capital assets sold during the taxable year 1977, and an investment tax credit in the amount of $98.10 for the taxable year 1979. During the taxable years at issue, Malcolm was an attorney-at-law engaged in the general practice of law in Duncan and Tahlequah, Oklahoma. On May 20, 1982, the Commissioner issued a statutory notice of deficiency to petitioners for the taxable years 1976, 1977, 1978, and 1979. The Commissioner disallowed the following deductions because they were not substantiated: Taxable Year
Item
1976
1977
1978
1979
Car and truck expenses
$1,999.79
$1,393.96
$1,906.73
Travel expense
$1,210.80
Loss on sale of
office equipment
6,385.00
Depreciation
294.00
Interest on business
indebtedness
1,400.00
Livestock expenses
4,786.87
Rental property expenses
5,069.91
Schedule A deductions
in excess of standard
deduction
7,836.75
5,458.39
5,081.39
The Commissioner also disallowed, as being unsubstantiated, claimed bases of $174,984.29 with respect to capital assets sold during the taxable year *341 1977, and an investment tax credit in the amount of $98.10 for the taxable year 1979. ULTIMATE FINDINGS OF FACT Petitioners are not entitled to deduct any of the expenses or deductions disallowed by the Commissioner, nor are they entitled to claim an investment tax credit in the amount of $98.10 for the taxable year 1979. Further, petitioners' basis in each of the capital assets sold during the taxable year 1977 is zero. OPINION The Commissioner's determination in his statutory notice of deficiency is presumptively correct, and petitioners have the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Marina argues that she did not file tax returns for the taxable years at issue. Petitioners bear the burden of proof on this issue, Rule 142(a), and no evidence was presented in contradiction of the joint returns before the Court. Accordingly, the returns before this Court are the joint returns of Marina and Malcolm. Deductions are a matter of legislative grace, and petitioners have the burden of proving that they are entitled to deductions in excess of the amounts allowed by the Commissioner. Deputy v. du Pont,308 U.S. 488 (1940); *342 New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Welch v. Helvering,supra. Petitioners presented no documentary evidence in support of the disallowed deductions, bases for assets sold, and investment tax credit. Petitioner Malcolm H. Branch's testimony was vague and unhelpful, even when respondent attempted to elicit verbal support for the claimed items. Specifically, Malcolm stated that any records maintained with respect to the expenditures made in the taxable years 1976, 1977, 1978, and 1979 were unavailable, and that he was unaware of the whereabouts of the records. He claimed to have receipts for some items, but did not know where they were; had not attempted to obtain available documentation from third parties such as mortgage companies; and in some instances, had no independent recollection whatsoever of the basis for the amounts claimed. His usual answer was that an item "would have been" as claimed, despite the fact that he could not remember any specifics or provide any corroboration or documentation. Similarly, Malcolm was unable to offer any proof of petitioners' basis in any of the capital assets sold during the *343 taxable year 1977. He was even unsure of the acreage of one of the properties sold. Petitioners claim that a portion of documentation is within respondent's possession, as supplied by petitioners' C.P.A., and that petitioners no longer have possession of the documentation requested. Respondent agrees that some documentation was provided, but asserts that the materials supplied were inadequate substantiation of the claimed deductions, expenses, credit, and basis items. Petitioners have failed to provide the Court with even minimal documentation and substantiation by, for example, contacting their mortgage company for verification of the interest paid. Further, petitioners' C.P.A. did not testify, nor was he subpoenaed to testify. When corroboration of petitioners' unsupported testimony was readily available, but was not provided to the Court, the reasonable inference is that the testimony or documentation would not have been favorable to petitioners. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). We find that petitioners have failed to carry their burden of proof on the disallowed *344 items. The Commissioner's determination as to the deficiencies in income tax for each of the taxable years 1976, 1977, 1978, and 1979 is sustained. Rule 142(a). Petitioners also bear the burden of proof with respect to the additions to tax. Luman v. Commissioner,79 T.C. 846, 860 (1982); Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioners stated that their failure to timely file their Federal income tax returns for the taxable years at issue was because Malcolm was under criminal investigation for the taxable years 1973, 1974, and 1975. Petitioners offered no evidence that the investigation hindered them in the preparation of their tax returns for the taxable years 1976, 1977, 1978, and 1979. A criminal investigation for earlier taxable years, standing alone, does not constitute reasonable cause for failure to timely file tax returns for the taxable years at issue. Knollwood Memorial Gardens v. Commissioner,46 T.C. 764 (1966); Glowinski v. Commissioner,25 T.C. 934 (1956), affd. 243 F.2d 635 (D.C. Cir. 1957). Accordingly, the Commissioner's determination that petitioners are liable for *345 additions to tax under section 6651(a) for the taxable years 1976, 1977, 1978, and 1979 is sustained. The same justification, i.e., that Malcolm was under criminal investigation for prior taxable years, was offered for petitioners' failure to abide by the substantiation requirements for the deductions, credit, and bases claimed in each of the taxable years at issue. Petitioners did not, however, contest the Commissioner's determination that a part of the underpayment of taxes for each of the taxable years 1976, 1977, 1978, and 1979 was due to negligence or intentional disregard of the rules and regulations. As an attorney, Malcolm should have been aware of petitioners' obligation to either retain or at least attempt to re-create the documentation or other records in support of the claimed items. Cobb v. Commissioner,77 T.C. 1096 (1981), affd. without published opinion 680 F.2d 1388 (5th Cir. 1982); see Fihe v. Commissioner,265 F.2d 511, 513 (9th Cir. 1958), affg. a Memorandum Opinion of this Court. The fact that a criminal investigation was proceeding as to earlier tax years does not explain petitioners' failure to keep records *346 to substantiate the deductions, expenses, credit, and basis claims made on returns for taxable years not under investigation. Petitioners have the burden of showing that they exercised due care, and have failed to carry that burden. Bixby v. Commissioner,supra.The additions to tax under section 6653(a) are sustained. Rule 142(a). Petitioners contend that respondent is estopped from obtaining the additions to tax or interest as to Malcolm, because of Malcolm's discharge as a debtor on September 8, 1983, by the United States Bankruptcy Court for the Northern District of Oklahoma. The Federal taxes in question were not discharged in the above bankruptcy proceeding. Additions to tax and interest with respect to the nondischargeable taxes are also not discharged. See 11 U.S.C. 523(a)(7) (1983). See also In Re:Program Management and Design Associates, Inc.,51 AFTR 2d 83-398 (1982), 83-1 USTC par. 9145. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. Marina A. Branch joined in the filing of the petition in this case and also filed a reply to respondent's answer, but did not appear at the trial.↩
3. The amount of petitioners' gross income from their earnings, investments, and business ventures in these taxable years is not at issue in this case.↩