RICHARD A. HANSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hansen v. Commissioner
Docket No. 3131-93
United States Tax Court
T.C. Memo 1994-388; 1994 Tax Ct. Memo LEXIS 397; 68 T.C.M. (CCH) 393; 94-2 U.S. Tax Cas. (CCH) P47,950; August 17, 1994, Filed *397 Decision will be entered for respondent. For petitioner: Leon Rudloff. For respondent: Emile L. Hebert III. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By a notice of deficiency issued on November 19, 1992, respondent determined a deficiency in petitioner's 1987 Federal income tax and an addition to tax pursuant to section 6651(a)(1) in the respective amounts of $ 153 and $ 74. Petitioner resided in Baton Rouge, Louisiana, at the time he filed his timely petition. The issues are whether petitioner is entitled to deduct certain legal fees and accounting fees in determining his liability for self-employment income tax, and whether respondent correctly determined an addition to tax under section 6651(a)(1). The facts may be summarized *398 as follows. During the taxable year 1987 petitioner resided in Metairie, Louisiana, where he was self-employed as a real estate broker. He filed his 1987 Federal income tax return on August 16, 1991, with the Internal Revenue Service Center in Memphis, Tennessee, wherein he reported and paid a tax liability of $ 26. Petitioner did not file a Schedule C, and did not show liability for self-employment income tax. Upon examination, respondent determined that the income petitioner reported as wages was income from self-employment. Respondent allowed petitioner deductions for medical expenses, alimony, charitable contributions, and a net operating loss, as well as deductions attributable to his self-employment. As a result of the examination, respondent determined that petitioner had no taxable income, but that he had $ 1,453 in self-employment income, resulting in self-employment income tax of $ 179. As petitioner had paid $ 26 when he filed his return, respondent determined petitioner's deficiency to be $ 153 and the addition to tax to be $ 74 ($ 100 minimum addition to tax for late filing reduced by $ 26). Petitioner argues that certain legal and accounting expenses incurred *399 during 1987, totaling $ 750, should be taken into account in determining the deficiency, which he claims would then be eliminated. [2] Deductions are a matter of legislative grace, however, and taxpayers bear the burden of proving they are entitled to any deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner paid $ 250 to William Koonce for accounting services during the year 1987, which he claims were related to his self-employment. During 1987 petitioner owned 100 percent of the stock of Elmwood Mortgage Company, Inc. (Elmwood), an S corporation involved in real estate transactions. Mr. Koonce prepared Elmwood's Federal income tax return for fiscal year ending January 31, 1987, as well as a Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., *400 a copy of which petitioner attached to his individual return for 1987. Schedule K-1 indicates that Elmwood sustained a $ 665 loss for the fiscal year. Mr. Koonce did not prepare petitioner's personal tax return for 1987. Based on the evidence, we cannot conclude that the payment is deductible as a trade or business expense of petitioner. Elmwood, rather than petitioner, incurred the expense, and only Elmwood may deduct the cost. Even though petitioner was the sole owner of Elmwood for the year in issue, we will not blithely ignore the corporate form petitioner chose for conducting his business activities. As this Court said in Gantner v. Commissioner, 91 T.C. 713, 725 (1988): In order to be deductible, business expenses generally must be the expenses of the taxpayer claiming the deduction. * * * In that regard, a corporation is treated as a separate entity from its shareholders for tax purposes. * * * It is also well established that a shareholder is not entitled to a deduction from his individual income for his payment of corporate expenses. * * * Such payments constitute either capital contributions or loans to the corporation and are deductible, *401 if at all, only by the corporation. * * * [Citations omitted.]
Petitioner argues that, regardless of the fact that the services were performed for Elmwood, the deduction should flow through to him as the shareholder of the subchapter S corporation. Petitioner's argument is misplaced. Even if we had jurisdiction to redetermine Elmwood's tax liability for fiscal year ending 1987, petitioner would not benefit. A loss attributable to an S corporation is computed on Schedule E, which has no effect on a taxpayer's self-employment income tax liability. Petitioner also seeks to deduct, as a trade or business expense relating to his self-employment, $ 500 in legal fees paid to Howard Lee, Jr., an attorney in Houston, Texas. Mr. Lee was retained with regard to some property in the estate of Hardy Austin, petitioner's deceased father-in-law. Petitioner claims that he was interested in exploring the potential profit he could derive from the property in his trade or business. Respondent, on the other hand, argues that petitioner paid Mr. Lee to represent petitioner's spouse, Marjorie Hansen (Marjorie), in pursuing her property interests vis-a-vis Hardy Austin's estate. On January *402 27, 1987, an Application for Determination of Heirship was filed in the case of Estate of Hardy Austin, in Probate Court No. 4, Harris County, Texas. Marjorie hired successively two attorneys to pursue her rights in the matter. Petitioner subsequently wrote to Mr. Lee, whom petitioner had previously retained for some Texas business ventures in which he had engaged. The letter, dated August 18, 1987, in pertinent part, says: Dear Howard: It was a pleasure speaking with you again, and I appreciate your efforts in this matter. Please note that our home address has changed * * * since the filing and should be corrected. I have enclosed an information sheet along with our correspondence file which will bring you up to date as to background. We are sure no will exists, and we are also aware that during Hardy's lifetime Dorothy [Hardy Austin's widow,] allegedly altered various checks and possibly other documents. We believe the property was substantially free of debt at the time of Hardy's death. Please note that one of the houses was omitted from the application which was filed and should be included, and there should be an accounting of rental income. Marjorie * *403 * * would like you to pursue this matter diligently, and we have the full support of Hardy's brother, J.D. * * *. The Lake Livingston property is of interest to us. I have enclosed a $ 500 check to get started, and you can bill us as appropriate.
The check, dated August 18, 1987, has a memorandum notation that payment was for "Gini-Legal-[illegible] Prop." [3]
Petitioner indicated that he contacted Mr. Lee because he wanted to determine the feasibility of either listing the property or purchasing it and reselling it. Petitioner asked Mr. Lee at the time about his competence in probate practice, and Mr. Lee responded that he was "well acquainted with Texas law." However, petitioner understood Mr. Lee's practice to focus on real estate. On September 8, 1987, Mr. Lee filed an answer on behalf of Marjorie, entering an appearance in the probate proceedings. On September 14, 1987, the $ 500 check was cashed. By letter dated July 16, 1991, responding to a telephone call from *404 Marjorie, Mr. Lee advised Marjorie of the assessed value of some of the property in Hardy Austin's estate. He also recommended that she inspect the property, and that she contact Dorothy Austin about locating a missing heir of the estate. Mr. Lee was not called upon to testify at the trial, and petitioner's counsel invoked attorney-client and spousal privileges to limit the scope of Marjorie's testimony. We cannot assume that the unheard testimony would be favorable to petitioner. Cf. Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Petitioner had the burden of adducing evidence to support his position; asserting a privilege does not relieve him of that burden. United States v. Rylander, 460 U.S. 752, 758 (1983); see Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989). The evidence does not give rise to the inference that petitioner sought legal advice from Mr. Lee in pursuing his trade or business. We note initially that we are not sure if petitioner is in the trade or business of selling or *405 listing real estate; at trial he described himself as a real estate mortgage broker and consultant. In any event, the evidence tends to support respondent's contention that Mr. Lee was retained to represent Marjorie in the probate proceedings. The purport of the letter of August 18, 1987, is that petitioner wished to protect Marjorie's interest. It specifically asks Mr. Lee to correct Marjorie's address as it appears in documents filed in the probate court. The letter advises Mr. Lee that some property has been omitted from the probate documents, and that a rental accounting should be done. This shows petitioner's concern with assessing and preserving Marjorie's property rights. Moreover, the letter reveals Marjorie's significant concern in the probate proceedings. The letter is not persuasive evidence that petitioner was seeking to gain a profit in his trade or business. Consequently, the legal fees are not deductible from petitioner's self-employment income. Respondent also determined an addition to tax for late filing pursuant to section 6651(a)(1), which applies to returns filed after the prescribed due date unless "such failure is due to reasonable cause and not due to *406 willful neglect". Sec. 6651(a)(1). The date prescribed for filing petitioner's 1987 Federal income tax return was April 15, 1988. Sec. 6072(a). Petitioner filed his return on August 16, 1991. Petitioner was delinquent in filing his 1987 return because he was involved in litigation with respondent concerning his 1985 taxable year. However, this does not constitute "reasonable cause" for purposes of section 6651(a)(1). Glowinski v. Commissioner, 25 T.C. 934 (1956), affd. 243 F.2d 635 (D.C. Cir. 1957). Consequently, we sustain respondent's determination. Based on the foregoing, Decision will be entered for respondent.
Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. According to our calculations, however, even if petitioner prevailed he would still have a $ 60 deficiency.↩
3. "Gini" is Marjorie's nickname.↩