JACK A. CADY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cady v. Commissioner
Docket No. 9036-75.
United States Tax Court
T.C. Memo 1976-333; 1976 Tax Ct. Memo LEXIS 69; 35 T.C.M. (CCH) 1537; T.C.M. (RIA) 760333; November 3, 1976, Filed *69 Petitioner's claim of a 50-percent tax credit to prevent expenditure thereof for purposes of war constitutes "intentional disregard of rules and regulations" so as to render petitioner liable for the addition to tax imposed by sec. 6653(a), 1954 Code. Jack A. Cady, pro se. T. N. Tomashek, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $1,640.61 in petitioner's 1973 individual Federal income tax liability and an addition thereto, pursuant to section 6653(a), [1] I.R.C. 1954, in the amount of $82.03. Petitioner concedes that his tax liability is to be computed by reference to the rates applicable to unmarried individuals, and petitioner does not dispute the amount of the deficiency as determined by respondent according to the Internal Revenue Code. The only issue presented is whether petitioner's claim of a 50-percent tax credit to prevent expenditure thereof for purposes of war constitutes "intentional disregard of rules and regulations" so as to render petitioner liable for the addition to tax imposed by section 6653(a). *70 FINDINGS OF FACT Petitioner Jack A. Cady, whose legal residence at the time of the filing of the petition herein was Port Townsend, Wash., filed his U.S. individual income tax return (Form 1040) for 1973 with the Western Service Center, Ogden, Utah. Petitioner prepared the return for 1973 himself. He indicated thereon his occupation as "writer/teacher." Petitioner reported taxable income in the amount of $12,852.22, on the basis of which figure he computed a tax liability of $2,473.05. Against this total tax, petitioner claimed on line 17 a credit of $1,236.52 designated "50% per attached letter." This letter, adverted to in petitioner's 1973 return, was dated April 10, 1974, and addressed to the Director of the Internal Revenue Service Center in Ogden, Utah. In the letter, petitioner described his claim of the 50-percent credit as "* * * an action not lightly undertaken * * *" and in explication thereof stated "* * * it has finally become necessary for me to refuse that part of the U.S. tax that by percentage will be used for war. Over the past several years that has been fifty percent." The letter contained further explanation of the conditions upon which petitioner *71 predicated his refusal to pay the portion of his tax allocable to military purposes. As a result of the 50-percent credit claimed by petitioner, petitioner's 1973 income tax return showed an overpayment of tax, refund of which petitioner, by the letter of April 10, 1974, requested be remitted directly to a designated charity. The refund was sent to petitioner who, in a letter to the Internal Revenue Service, Ogden, Utah, dated August 12, 1974, acknowledged receipt of the refund check and again referred to his refusal to pay the entire tax liability as calculated by petitioner. In the notice of deficiency issued to petitioner on July 11, 1975, respondent determined that the 50-percent credit claimed was not allowable under the law and further determined that the joint return rate by which petitioner had computed his tax liability was not allowable; accordingly, respondent asserted a deficiency in petitioner's 1973 tax liability of $1,640.61 as well as an addition to tax under section 6653(a) in the amount of $82.03. OPINION As indicated by the aforementioned concessions made by petitioner, the only issue presented is whether petitioner's claim of a 50-percent tax credit, *72 reflecting petitioner's refusal to pay that portion of his tax which he calculated would be expended for war purposes, constitutes "intentional disregard of rules and regulations" as proscribed and penalized by section 6653(a). [2]
Petitioner correctly recognizes that the personal beliefs and moral principles upon which he predicates his opposition to the expenditure of taxes for purposes of war of themselves provide no basis for his refusal to pay his full tax liability for 1973.This Court has recently considered and consistently rejected similar claims, see e.g., Robert L. Anthony,66 T.C. 367 (1976); Lorna H. Scheide,65 T.C. 455 (1975); John David Egnal,65 T.C. 255 (1975); *73 Susan Jo Russell,60 T.C. 942 (1973), and nothing in the instant case serves to distinguish it from this line of authority. Petitioner acknowledged at trial that the Internal Revenue Code authorizes no such credit as that claimed by him. Indeed, petitioner testified that he perceived the conflict between the provisions of the tax law and his own moral principles and responsibilities but chose not to follow the former in order to give effect to the dictates of the latter. [3] Thus, by so characterizing his actions, petitioner has confirmed that in claiming the 50-percent credit, he did so with "intentional disregard of rules and regulations." Cf. Edward A. Cupp,65 T.C. 68, 81 (1975), on appeal to the Third Circuit (July 26, 1976). Accordingly, we sustain the addition to tax asserted by respondent pursuant to section 6653(a). Decision will be entered for the respondent.' Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect in the year in issue.↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
3. Petitioner's perceived dilemma and resolution thereof are similarly reflected in the letters of April 10, 1974, and August 12, 1974, referred to in our findings of fact, supra.↩