GEORGE W. KEARSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Kearse v. Commissioner
Docket No. 8574-75
United States Tax Court
T.C. Memo 1976-370; 1976 Tax Ct. Memo LEXIS 29; 35 T.C.M. (CCH) 1685; T.C.M. (RIA) 760370; December 6, 1976, Filed Charles A. Kubinski, for the petitioner. John B. Pohl, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Taxable
Addition to tax Year
Deficiency
under Sec. 6651(a)(1)
1971
$ 823.00
$ 206.00
1972
364.00
91.00
The issue is whether petitioners receipt of Federal Reserve notes constituted taxable income to him. Petitioner was a resident of Washington, D.C., at the time his *30 petition was filed herein. Petitioner failed to file individual Federal income tax returns for the taxable years 1971 and 1972. Respondent reached the deficiency in this case by establishing petitioner's wages for the years in issue, applying the appropriate exemption and standard deduction, and giving petitioner credit for his taxes withheld. OPINION Petitioner argues that Federal Reserve notes which he received do not constitute income to him because they are not dollars of standard value as described in Title 31 U.S.C., [1] and because these notes carry no intrinsic value. At bottom, petitioner's basis for concluding that the Federal Reserve notes are not income is the fact that they cannot be redeemed in gold or silver. This Court in Loren R. Gajewski, 67 T.C. (Nov. 10, 1976), has recently rejected just such an argument. We decided there that Federal Reserve notes are "dollars" for purposes of the tax law, despite the inability of the holder to convert them into gold. We further noted that the statutory gold content of the dollar was irrelevant for purposes of computing taxable income. Accordingly, we must now reject petitioner's argument, and hold for respondent. *31 See also Edward A. Cupp,65 T.C. 68 (1975), on appeal (3d Cir. July 26, 1976). With respect to petitioner's failure to file, [2] his apparent argument is that if he did file a return based on the receipt of Federal Reserve notes, he would be supplying false information on his tax return [3] since he believed that he received no "dollars" at all. This argument is plainly frivolous. Given the universal and virtually unchallenged practice of reporting Federal Reserve notes as income, and the very firm foundation of this practice in the law, we do not believe petitioner's failure to file was due to reasonable cause. Since petitioner has not otherwise carried his burden of proof on this issue, Rule 142(a), Tax Court Rules of Practice and Procedure, we must again hold for respondent. *32 Decision will be entered for the respondent. Footnotes
1. See 31 U.S.C. secs. 314, 444, and 821 (1970)↩.
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) ADDITION TO THE TAX.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchpater A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate * * *. ↩
3. In this connection, petitioner cites sec. 7206, which in relevant part, reads as follows: SEC. 7206. FRAUD AND FALSE STATEMENTS. Any person who-- (1) DECLARATION UNDER PENALTIES OF PERJURY.-- Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * * shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.↩