DOUGLAS L. RICE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rice v. Commissioner
Docket No. 10120-75.
United States Tax Court
T.C. Memo 1977-78; 1977 Tax Ct. Memo LEXIS 364; 36 T.C.M. (CCH) 353; T.C.M. (RIA) 770078; March 23, 1977, Filed *364 Douglas L. Rice, pro se. Charles W. Jeglikowski, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $414.98 in petitioner's income tax for the taxable year 1973. Petitioner denies that he owes any additional tax and claims an overpayment of $200, asserting that he is entitled to a deduction for household and dependent care services of $685 beyond the amount allowed by the respondent and to a deduction of $1,600 representing a casualty loss due to theft, based on a conspiracy between the government and the oil companies which produced an increase in the cost of living. Some of the facts are stipulated and are found accordingly. Petitioner resided in Sylmar, California, at the time he filed his petition herein. During the taxable year 1973, he was employed as a sound technician in the motion picture industry. During that year, he was unmarried (having been divorced in 1970) and resided with his four children (ranging in age from 8 to 12 years) at 8802 Valjean, Sepulveda, California. In his timely filed 1973 Federal income tax return, petitioner claimed a deduction of $3,690 *365 for household and dependent care services under section 214 of the Internal Revenue Code of 1954, as amended. Upon audit, respondent allowed $3,005 of the claimed deduction, consisting of $2,005 paid to housekeepers and $1,000 as the estimated amount representing the costs of maintaining the household allocable to the housekeepers. The remaining $685 of the claimed deduction was disallowed for lack of substantiation. At the trial, petitioner presented no evidence to support his position as to the disallowed amount beyond his own general testimony that he paid housekeepers additional amounts beyond the $2,005 allowed and that the allocable cost of household expenses was in excess of $1,000. We hold that this testimony is insufficient to carry petitioner's burden of proof. See Rule 142, Tax Court Rules of Practice and Procedure.
On his return, petitioner also claimed a casualty loss of $1,600 (after the $100 statutory exclusion). Respondent disallowed the deduction in its entirety. Petitioner's claim to the deduction in question is without merit. Cf. Edward Cupp,65 T.C. 68 (1975), on appeal (3d Cir., Jul. 26, 1976). Decision will *366 be entered for the respondent.