ALVIN J. SCOTT and MARY B. SCOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 643-78.
United States Tax Court
T.C. Memo 1979-194; 1979 Tax Ct. Memo LEXIS 332; 38 T.C.M. (CCH) 814; T.C.M. (RIA) 79194; May 17, 1979, Filed Alvin J. Scott and Mary B. Scott, pro se. Ralph W. Jones, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $2,474. Petitioners filed a petition in this case in which they alleged that $120.53 of the deficiency determined was in controversy. The petition alleged that the facts upon which they rely as a basis for their case are as set forth in an exhibit attached to their petition consisting of six pages. On February 21, 1978, respondent filed an answer *333 to the petition in which he denied the allegations of fact set forth in the attachment to the petition and affirmatively alleged that a part of the underpayment of tax required to be shown by petitioners on their return was due to negligence or intentional disregard of rules and regulations, and asked for a determination of an addition to tax of $127.70 under section 6653(a), I.R.C. 1954. [1]
On March 1, 1979, respondent filed a motion for partial summary judgment in this case. Pursuant to notice previously given, this motion came on for hearing at Boise, Idaho on May 2, 1979. Respondent appeared by counsel and petitioner Alvin J. Scott appeared pro se. At this hearing petitioner made no argument against the granting of respondent's motion. Counsel for respondent stated that respondent withdraws his affirmative allegations and orally moved that under these circumstances his motion for partial summary judgment be treated as a motion for summary judgment. The Court granted this oral motion. The record here shows that petitioners resided in Nampa, Idaho at the time *334 their petition in this case was filed, and petitioners' Form 1040 for the year 1976 was filed with the Office of the Internal Revenue Service in Ogden, Utah. The petition contains no assignments of error. The statements of fact contained in the attachment to the petition are primarily arguments that petitioners do not understand the meaning of "income" as used in the Revenue Code, that they do not understand who are "persons required to make returns," or "individuals," as used in section 6012, or the meaning of the symbol " $," and the term "taxable year." The statement also contains references to the provisions of section 7203 and quotations from a number of Supreme Court cases and one Circuit Court case. Attached to respondent's motion for summary judgment is a copy of the Form 1040 filed by petitioners. The only spaces on this Form 1040 which are filled in other than with "**" or the word "NONE" are the name, address and social security numbers of petitioners, the number of exemptions to which they are entitled, and "Total Federal income tax withheld" shown as $2,353.47 and "Amount of line 24 to be REFUNDED TO YOU" shown as $2,353.47. Attached to the Form 1040 are various *335 documents including documents claiming that Federal reserve notes are not lawful money. There is also attached to respondent's motion a copy of the notice of deficiency which shows that petitioners' income for 1976 as determined by respondent is $17,883, which is the total of the amounts shown on the Forms W-2 for the year 1976 furnished to petitioners by their employers. The petition in this case does not assign any error in respondent's determination. It does not state any facts which as a matter of law would entitle petitioners to any reduction in the deficiency as determined by respondent. See Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). Respondent's motion for summary judgment will be granted. Since respondent withdrew his affirmative allegations claiming an addition to tax under section 6653(a), there is no basis in this record to conclude that any addition to tax is due from petitioners. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩