SYRIL DENNIS ARMSTRONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armstrong v. Commissioner
Docket No. 11380-77.
United States Tax Court
T.C. Memo 1979-210; 1979 Tax Ct. Memo LEXIS 319; 38 T.C.M. (CCH) 859; T.C.M. (RIA) 79210; May 24, 1979, Filed *319 Syril Dennis Armstrong, pro se. Timothy L. Nelson and Leo A. Reinikka, Jr., for the respondent. SCOTT
MEMORANDUM OPINION SCOTT, Judge: On August 12, 1977, respondent mailed to petitioner a notice of deficiency determining a deficiency in his Federal income tax for the calendar year 1976 in the amount of $1,292.42. Petitioner filed a petition in which he alleged errors in respondent's determination. In summary, these allegations of error are: 1.The determination of deficiency is a violation of petitioner's rights as secured by the United States Constitution, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, and the Common Law. 2. The determination is arbitrary and a result of malice, incompetence, ignorance and prejudice against petitioner. 3. Petitioner did not earn sufficient income in dollars to warrant the payment of tax. 4. The statute of limitations is a complete defense to any tax or penalty claimed owed by petitioner. Petitioner alleged as affirmative defenses the statute of limitations, the statute of frauds, laches, estoppel, waiver, and failure to earn dollars as defined by Article I of the United *320 States Constitution, lack of jurisdiction over the subject matter and over petitioner, accord and satisfaction, and reliance on prior notification stating "No Tax Due." The petition states that petitioner does not waive his constitutional rights and relies on his rights under the 1st, 4th, 5th, 6th, 7th, 9th and 13th Amendments. The petition alleges that petitioner bases his claim on the Bible, the Constitution, the Bill of Rights, the Declaration of Independence, the Magna Carta, the Northwest Ordinance, the Constitution of the State of Idaho, the Common Law, the Declaration of Resolves, the Federalist Papers, the Mayflower Compact, and case decisions. The petition asks for judgment against respondent for costs and attorney's fees and that petitioner be provided "Counsel of his Choice." On January 10, 1978, respondent filed an answer denying the allegations of error and the allegations contained in the paragraph purporting to be allegations of fact. In this answer respondent affirmatively claimed an addition to tax under section 6653(a), I.R.C. 1954. On March 6, 1979, respondent filed a motion for summary judgment in this case. In this motion he stated *321 that he now conceded that petitioner is not liable for the addition to tax pursuant to section 6653(a) since the deficiency was determined from the W-2 form attached to the Form 1040 filed by petitioner. When the case was called for hearing on respondent's motion in Boise, Idaho on May 2, 1979, respondent appeared by counsel but there was no appearance by or on behalf of petitioner. However, the Court received a document entitled "Notice of Withdrawal" in which petitioner stated that he was withdrawing his petition without prejudice. This document was filed as petitioner's motion to withdraw petition and was denied. The record shows that petitioner lived in Idaho Falls, Idaho at the time his petition in this case was filed, that the notice of deficiency mailed to petitioner on August 12, 1977, was received by petitioner on August 15, 1977, and that the deficiency is in income tax for the calendar year 1976. Attached to a memorandum of authorities in support of respondent's motion for summary judgment filed March 6, 1979, is an affidavit of an attorney of the Internal Revenue Service stating that attached as Exhibit A is an accurate copy of the notice of deficiency and as Exhibit *322 B a complete and accurate copy of the Form 1040 filed by petitioner for his taxable year 1976. The Form 1040 attached to the petition shows petitioner's name, address and occupation, and his filing status as "single." Written across the face of the return is "OBJECT SELF-INCRIMINATION." In the space provided for "Wages, salaries, tips and other employee compensation" is the figure $9,829.40, and in the space provided for total income tax withheld is the figure of $1,119.21. This same figure of $1,119.21 appears in the column for amount of tax overpaid and amount to be refunded. The other spaces on the Form 1040 contain either "* *" or the word "NONE." Attached to the Form 1040 is a copy of a Form W-2, which is illegible, and copies of various documents dealing with 5th Amendment rights and purported quotations from court decisions and other documents. The notice of deficiency shows that the deficiency in petitioner's tax was computed on the basis of an income of $9,829.40. The notice shows that this amount is to be offset by "Overpayment (refund) shown on return or correction notice…. $419.21" and "Additional tax due IRS from this correction…. $873.21." In view of the "Notice *323 of Withdrawal" filed by petitioner it is not clear that he is now contesting the granting of respondent's motion for summary judgment. In any event, we have held that the income tax laws do not violate petitioner's rights under the 1st, 4th, 5th, 6th, 7th, 9th and 13th Amendments of the Constitution. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). It is clear from the year here involved and the date of the mailing of the notice of deficiency that petitioner's allegations with respect to the statute of limitations are without merit. The Supreme Court has held the income tax laws constitutional under the 16th Amendment. Brushaber v. Union Pacific Railroad Co.,240 U.S. 1 (1916).The petition states no basis on which any error could properly be determined in respondent's determination as set forth in the notice of deficiency.[1] Since no issue of fact is raised in this petition and the errors in respondent's determination alleged in the petition are without merit, respondent's motion for summary judgment will be granted. *324 An appropriate order and decision will be entered.
Footnotes
1. Clearly, the $1,292.42 is a correct statutory deficiency on the basis of this record since no amount of tax was shown by petitioner on his return. There is nothing in this record from which we can determine whether the "Overpayment (refund) shown on return or correction notice" is correctly stated. Our function is to determine the statutory deficiency, and collection of that deficiency is an administrative matter.If petitioner is of the opinion that $1,119.21 was withheld from his compensation and not previously refunded to him, even though respondent has shown an "overpayment" or "refund" on the return or correction notice of only $419.21, this matter is something that must be reconciled between petitioner and respondent in connection with the collection of the deficiency which we determine.↩