JACK C. RIFEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rifen v. Commissioner
Docket No. 5744-78.
United States Tax Court
T.C. Memo 1979-301; 1979 Tax Ct. Memo LEXIS 225; 38 T.C.M. (CCH) 1175; T.C.M. (RIA) 79301; August 8, 1979, Filed *225 Jack C. Rifen, pro se. Patrick J. Dowling, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a deficiency of $222.79 in petitioner's 1974 Federal income tax. This matter is before the Court on respondent's "Motion For Summary Judgment" filed November 30, 1978, pursuant to Rule 121, Tax Court Rules of Practice and Procedure. At the March 12, 1979, hearing on respondent's "Motion For Summary Judgment," petitioner filed motion captioned "Motion To Dismiss For Lack Of Jurisdiction, And Judicial Notice." On April 26, 1979, petitioner filed a "Motion Supplement" to the motion filed on March 12, 1979. Petitioner resided in Kansas City, Missouri, when he filed his 1974 return with the Internal Revenue Service Center, Kansas City, Missouri, and when he filed his petition in this case. In the notice of deficiency, respondent disallowed the itemized deductions petitioner claimed on his 1974 return for lack of substantiation. [1]
In his petition, petitioner does not contest the merits of the deficiency by alleging facts supportive of the deductions he took. Instead, he makes *226 general assignments of error. He claims that the Commissioner's determination disallowing his itemized deductions was arbitrary, though alleges no facts to support this contention. He further challenges (1) his burden to prove respondent's determination wrong, (2) the Tax Court's status as a court and its jurisdiction over this matter, and (3) the taking of property without due process of the law. Petitioner's contentions have been addressed and rejected in numerous prior opinions of this and other courts. Helvering v. Taylor,293 U.S. 507 (1935) (burden of proof on taxpayer); Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971) (Tax Court is a constitutional court, not an administrative agency); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977) (due process rights not violated). Since petitioner has failed to present any evidence showing that respondent's determination is wrong and there is no genuine issue as to any material fact, respondent's motion must be granted. Petitioner's "Motion To Dismiss For Alck of Jurisdiction, and Judicial Notice" and his "Motion Supplement" *227 contain arguments and conclusions which were either already presented in his petition or otherwise without merit. Accordingly, petitioner's motion is hereby denied. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Petitioner was allowed the standard deduction.↩