GUNTER W. HEIDIG AND JANIS HEIDIG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heidig v. Commissioner
Docket No. 32072-85.
United States Tax Court
T.C. Memo 1986-411; 1986 Tax Ct. Memo LEXIS 193; 52 T.C.M. (CCH) 360; T.C.M. (RIA) 86411; September 3, 1986. Gunter W. Heidig, pro se. Wilton A. Baker, for the respondent. NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7456 and Rule 180. [1]
In this case respondent determined deficiencies and additions to tax as follows: Tax
Deficiency
Additions to Tax
Year
in Income Tax
Sec. 6651(a)(1)
Sec. 6653(a)(1)
1980
$387.00
$100.00
$19.00
1981
$432.00
$100.00
$22.00
1982
$251.33
$ 62.83
$12.57
Respondent also determined additions to tax under section 6653(a)(2) for 1981 and 1982, computations of which are based upon the entire amount of each deficiency. Indentical, but separate, determinations of deficiencies and additions to the tax were made against each petitioner for the years 1980 and 1981. The determinations with regard to Mr. and Mrs. Heiding for the years 1980 and 1981 are not *196 based upon a joint return or joint and several liability, but, as respondent explained at the trial, are alternative positions; that is, a finding of liability for one petitioner with respect to either of these years relieves the other petitioner for any liability for such year. The determination for 1982 is with respect to Mr. Heidig only. The issues for our decision are: (1) whether either petitioner is liable for self-employment tax for each of the years 1980 and 1981, and, if so, in what amount; (2) whether either petitioner is liable for additions to tax for 1980 and 1981 as set forth above; (3) whether petitioner husband is liable for self-employment tax and additions to tax for 1982; and (4) whether this Court should impose damages under section 6673 pursuant to respondent's motion filed with the Court at the call of the calendar. Some of the facts were orally stipulated at the commencement of the trial of this case. On or about Bebruary 14, 1983, purported joint individual income tax returns forms 1040 were received by the Internal Revenue Service from Gunter W. and Janis Heidig for the taxable years 1980 and 1981. Each of these documents was signed by petitioners and *197 also by a preparer, but the words "under penalties of perjury" by the signature section were deleted from each of the documents. As a result of such alterations, the Internal Revenue Service did not treat the documents as filed returns. [2]
Subsequently, a revenue agent commenced an audit with regard to petitioners' income tax liabilities for 1980 and 1981. The altered 1040's reflected no taxable income, but did report self-employment tax of $320 for 1980 and $540 for 1981. At some point in the course of the revenue agent's examination, he prepared new returns for petitioners' signature, *198 reflecting self-employment taxes of $325 and $382, which petitioners refused to sign. Nevertheless, as indicated above, respondent issued notices of deficiency for 1980 and 1981 asserting deficiencies of $387 and $432, respectively, which amounts consist solely of self-employment tax under section 1401. Petitioner Gunter Heidig testified that the business which gave rise to the asserted self-employment tax for each of the years 1980 and 1981 was called Right-Way and involved the sale of vitamins. He further testified that it was owned and operated by his wife Janis Heidig and that he didn't know too much about it. Gunter Heidig was involved, in those years, in other endeavors. Respondent offered no contrary evidence nor any reason to disbelieve petitioner on this point. [3]
Petitioners were residents of Nevada during the years at issue and at the time of the filing of the petition herein. Nevada is a community property state. Accordingly each of the petitioners is regarded as having earned one-half of the total income *199 of the community. However, section 1402(a)(5) in defining the term "Net earnings from self-employment," provides that (5) if (A) any of the income derived from a trade or business (other than a trade or business carried on as a partnership) is community income under community property laws applicable to such income, all of the gross income and deductions attributable to such trade or business shall be treated as the gross income and deductions of the husband unless the wife exercises substantially all of the management and control of such trade or business, in which case all of such gross income and deductions shall be treated as the gross income and deductions of the wife; * * * "Management and control" means actual management and control rather than imputed from husband to wife under community property laws. Section 1.1402(a)-8, Income Tax Regs. In other words, only the spouse carrying on the business activities will be subject to taxes imposed under section 1401 and the tax will be computed on the total gross income less the total business deductions, *200 notwithstanding the attribution of one-half to the other spouse for income tax purposes. Accordingly, we find that all of the self-employment tax liability for 1980 and 1981 is attributable to activities of Janies Heidig. With respect to the proper amount of self-employment tax, the petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Based on the record before us, we hold that petitioner Janies Heiding has failed to satisfy her burden that respondent's determination is erroneous. Petitioner Gunter Heidig alluded to some error in the computation of the net profits from the business, but was unable to describe that error with any degree of exactitude. Moreover, we regard the altered forms 1040 acknowledging liability for $320 and $540 for 1980 and 1981 respectively, as contrary admissions against interest, casting doubt on such testimony. With regard to the significance of the revenue agent's computations prepared during the audit, it is well settled that *201 matters arising during the course of the audit would not be admissible against the Commissioner as an attempt to look behind the notice of deficiency. Our determination must be based on the merits of the case and not on any previous record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974). We therefore sustain respondent as to the deficiencies due from Janis Heidig and accordingly hold for petitioner Gunter Heidig with regard to 1980 and 1981. Having found that Gunter Heidig is not liable for any deficiencies for 1980 and 1981, it follows that he is not liable for any additions to tax for those years. Turning to Janies Heidig's liability for additions to tax for 1980 and 1981 for negligence or intentional disregard of rules and regulations, petitioners allege religious convictions against taking any secular oaths for refusing to sign the returns under penalties of perjury. Section 6065, requires a verification under penalties of perjury. [4] It is significant that section 6065 requires a "declaration", rather than an "oath". *202 Indeed, the tax return which petitioner altered provides: "Under penalties of perjury, I declare that I have examined the return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete." (Emphasis added.) Petitioners have ignored the rules and regulations. Hence, respondent's determinations regarding sections 6653(a)(1) and 6653(a)(2) are sustained. No evidence was submitted as to any reasons for the failure to timely file returns (or the delinquent submission of the purported returns). Therefore, the additions *203 to the tax under section 6651(a) are also sustained, except as modified below. The respondent determined additions to tax for delinquency for each of the years 1980 and 1981 of $100. For those years the maximum amount of addition to tax under section 6651(a)(1) is 25 percent of the amount required to be shown as tax on the return. Twenty-five percent of $387 is $96.75, whereas 25 percent of $432 is $108. For the year 1981, not having made a claim under section 6214 for an increased deficiency in addition to tax respondent is limited to his determination of $100. On the other hand, the maximum addition to tax for 1980 is $96.75. We note that section 6651(a) was amended in 1982 to add the following language: In the case of a failure to file a return imposed by chapter 1 within 60 days of the date prescribed for filing of such return (determined without regard to any extensions of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, the addition to tax under paragraph (1) shall not be less than the lesser of $100 or 100 percent *204 of the amount required to be shown as tax on such return. That amendment to section 6651(a) was added by the 1982 Tax Equity and Fiscal Responsibility Act (Pub. L. 97-248, section 318(a) 96 Stat. 610), and the effective date of the amendment is for returns the due date for filing of which (including extensions) is after December 31, 1982. Section 318(c). Thus, the amendment does not apply to 1980 and 1981 returns. [5] Accordingly, we hold that petitioner Janis Heidig is liable for additions to tax under section 6651(a) for 1980 in the amount of $96.75, and for 1981 in the amount of $100.00. With regard to the determinations by respondent for 1982, the tax again involves solely the assertion of self-employment tax of $251.33, plus additions to tax as set forth above. No evidence was submitted to substantiate any claim of error on the part of respondent. Based upon the record, we hold that petitioner has not satisfied his burden of proof and sustain respondent's determination in its entirety for 1982. Finally, respondent has filed *205 a motion to impose damages against petitioners under section 6673. Prior to the trial of this case, petitioners submitted a document purporting to convince the Court that Nevada, the state of their residence during the years at issue and at the time of the filing of the petition herein, was not properly part of the United States; allegedly, with the exception of the original 13 colonies, most of the North American continent is still part of Spain and therefore the United States has no jurisdiction over that territory or over residents thereof. Subsequently, petitioners submitted documents urging the Court to rule that the Sixteenth Amendment was not properly ratified and that the income tax laws are unconstitutional. We need not dwell on the lack of merit for these frivolous arguments. Nevertheless, petitioners did attempt to litigate the merits of the determinations and have partially succeeded. Accordingly we deny respondent's motion for damages. We wish to note, however, for petitioners' benefit that any subsequent attempt to convince the Court of merit to these utterly frivolous arguments will be dealt with accordingly. An appropriate decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue, unless otherwise stated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Indeed, respondent treated the documents as frivolous returns and assessed penalties under section 6702. While petitioners have complained about this action in various documents filed with this Court and during trial, it is clear that this Court has no jurisdiction to consider the matter. Section 6703(c)(2). In addition, see Hewlett v. United States, an unreported case ( S.D. Ohio 1984, 54 AFTR 2d 84-5546, 84-2U.S.T.C. par. 9664); Johnson v. Internal Revenue Service, an unreported case (N.D. Cal. 1984), 54 AFTR 2d 84↩-6028, 84-2U.S.T.C. par. 9812).
3. We note that the Schedules C on the altered returns reflect a business and both petitioners are listed in the block requesting "name of proprietor."↩
4. Section 6065 specifically requires that "any return * * * be verified by a written declaration that it is made under the penalties of perjury." By altering the declarations on the 1980 and 1981 forms 1040, petitioner failed to verify their returns under the penalties of perjury. Therefore those forms do not constitute returns as required by law. Cupp v. Commissioner,65 T.C. 68, 78-79 (1975) affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Ellison v. Commissioner,T.C. Memo. 1976-282↩, affd. per order (10th Cir., Jan. 20, 1978).
5. But the statute does apply to the 1982 return, with respect to which respondent determined an addition to tax for delinquency of $62.83.↩