LAWRENCE and CAMILLE BABCOCK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Babcock v. Commissioner
Docket No. 2043-78.
United States Tax Court
T.C. Memo 1979-285; 1979 Tax Ct. Memo LEXIS 240; 38 T.C.M. (CCH) 1110; T.C.M. (RIA) 79285; July 30, 1979, Filed Lawrence Babcock and Camille Babcock, pro se. Ralph W. Jones, for respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: On April 23, 1979, this Court entered an order in the above-entitled case granting respondent's Motion for Partial Summary Judgment and adjudicating the issues set forth in that motion in favor of respondent. The issues set forth in the motion adjudicated in respondent's favor will result in a decision of deficiencies in the Federal income tax of Lawrence R. Babcock for the years 1971 through 1975 as determined in the notice of deficiency and deficiencies in the Federal income tax and additions to tax under sections 6651(a) and 6653(a), I.R.C. 1954, [1] of Camille Babcock as set forth in the notice of deficiency. There remained for trial only respondent's determination of additions *241 to the Federal income tax deficiencies of Lawrence R. Babcock for fraud for the years and in the amounts as follows: Taxable
Additions to Tax, I.R.C. Year
1954, Sec. 6653(b)
1971 $ 652.00
1972
528.50
1973
1,390.00
1974
1,329.40
1975
789.45
At the trial, respondent was granted leave to orally amend his answer to allege in the alternative that if it were determined that the underpayment of tax by Lawrence R. Babcock (petitioner) for any of the years in issue was not due to fraud, then for each of such years the underpayment was due to negligence or intentional disregard of rules and regulations, and for each such year there was a failure by Lawrence R. Babcock to file Federal income tax returns and this failure was not due to reasonable cause. In the prayer for relief, respondent in his amendment to answer in the alternative claimed additions to tax under the provisions of sections 6651(a) and 6653(a). The oral amendment to answer was reduced to writing and filed with the Court on May 14, 1979. At the trial, there was no appearance by or *242 on behalf of petitioners. During the course of the trial, counsel for respondent conceded that there was no addition to tax for fraud due from petitioner in any of the years here in issue and offered evidence in support of his affirmative allegations for the additions to tax for negligence and for failure to file returns. For each of the years 1971 through 1975, there was filed with the Internal Revenue Service Center, Ogden, Utah, a Form 1040 signed by Lawrence R. Babcock but not by Camille Babcock. On each of these Forms 1040 above petitioner's signature had been stricken out the words "Under penalties of perjury." Each of the forms showed petitioner's address, his occupation as "Rancher," and his spouse's occupation as "Wife." On the 1971 form, seven exemptions were shown, one each for petitioner and his wife, and five for dependent children who lived with petitioner. On the Form 1040 for each of the years 1972, 1973 and 1974, eight exemptions were shown, one each for petitioner and his wife and six for dependent children who lived with petitioner. On the Form 1040 for 1975, nine exemptions were shown, one each for petitioner and his wife and seven for dependent children *243 who lived with petitioner. In the spaces provided for showing wages, salaries, and other information on the Forms 1040 for each of the years 1971 through 1974 appears either "**" or "00" except that under Part IV.--Tax Computation, on Line 49 entitled "Multiply total number of exemptions claimed on line 11, by $675 [$750]," appears a figure of $4,725 for 1971, and $6,000 for each of the years 1972, 1973 and 1974. [2] The only difference in the Form 1040 for 1975 and the prior years was that on Line 19 of the Form 1040, for the year 1975, in the space provided for figures appeared "don't know" and on Lines 24 and 25 for "Amount Overpaid" and "Amount to be Refunded to you" appear $87.30. On the Form 1040 on Line 46 -- "Multiply total number of exemptions claimed on line 7, by $750" - appears $6,750. Petitioners resided in Moore, Idaho, at the time their petition in this case was filed. For each of the years 1969 and 1970, petitioners, Lawrence R. Babcock and Camille C. Babcock, had filed joint Federal income tax returns signed by both of them under *244 penalties of perjury showing salary, wages, other income, deductions and other items, all of which were in proper form. Each of these returns contained a tax computation and showed an amount of Federal income tax due. Petitioner's Forms 1040 filed for the years 1971 through 1975 were assigned to an internal revenue agent for investigation. After attempting to contact petitioner, without success, a summons was issued to him by the revenue agent requiring him to produce his books and records for the years here in issue. Petitioner did not comply with that summons. The agent took no steps to judicially enforce the summons but obtained information with respect to receipts and expenses of petitioner from third party sources. The information obtained by the agent showed that in each of the years 1971 through 1975 petitioner had sufficient income to require the filing of a Federal income tax return. The agent prepared his report from the information he obtained from third party sources and this report formed the basis of the deficiencies set forth in the notice of deficiency. In order for a document to constitute a tax return, it must contain sufficient data from which the taxpayer's *245 tax liability can be computed. Also, a document to constitute a tax return must be signed under penalties of perjury. See Cupp v. Commissioner,65 T.C. 68, 78, 80 (1975), affd. 559 F.2d 1207 (3d Cir. 1977), and the cases cited therein. We, therefore, hold that petitioner has filed no Federal income tax return for any of the years 1971 through 1975. Section 6651(a) provides that in the case of failure of a taxpayer to file a Federal income tax return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is for not more than one month, with an additional five percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. The record here shows that petitioner had filed proper returns for 1969 and 1970. The record also shows that petitioner had sufficient income in each of the years 1971 through 1975 to require the filing of a Federal income tax return. No figures with respect *246 to that income were set forth on the Forms 1040 filed by petitioner. On this record, we conclude that respondent has established that petitioner's failure to file a Federal income tax return for each of the years here in issue was not due to reasonable cause. We therefore sustain respondent's affirmative allegation claiming an addition to tax of 25 percent under section 6651(a). From the evidence (1) that petitioner had in years prior to those here in issue filed proper returns, (2) that he did not make his books and records available to respondent's agent for investigation, and (3) that he did not comply with the summons issued for his books and records, even though documents obtained by respondent's agent from third party sources disclosed that petitioner had sufficient income to require the filing of an income tax return, we conclude that respondent has established in accordance with his alternative allegation that a part of petitioner's underpayment of tax in each of the years here in issue was due to negligence or intentional disregard of rules and regulations. We therefore hold that petitioner is liable for the 5 percent addition to tax under section 6653(a) for each of the *247 years here in issue. In accordance with respondent's concession at the trial we hold that petitioner is not liable for the addition to tax for fraud under section 6653(b) as set forth in the notice of deficiency for any of the years here in issue. This opinion, along with the Memorandum Opinion and Order filed on April 23, 1979, granting respondent's Motion for Partial Summary Judgment disposes of all the issues in this case. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. "**" explained as meaning: This means that I take specific objection under amendments 1, 4, 5, 7, 8, 9, 10, 13, 14, & 16↩.