THOMAS J. SUNDERLIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sunderlin v. Commissioner
Docket No. 29579-83.
United States Tax Court
T.C. Memo 1986-148; 1986 Tax Ct. Memo LEXIS 461; 51 T.C.M. (CCH) 833; T.C.M. (RIA) 86148; April 15, 1986. Thomas J. Sunderlin, pro se. Jerome F. Warner, and Edward D. Fickess, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: This case is before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121. [1]
Respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1980
$6,257.93
$3,128.97
$207.09
1981
3,308.00
1,654.00
242.54
Petitioner timely filed a petition with this Court in which it was alleged that "this is a case *462 of Malicious prosecution which has been going on since 1975 with the Notice of Deficiency for the years of 1970, 1971, 1972, 1973, 1974, 1975, 1976, 1977, 1978, 19798, [sic] and now 1980 and 1981 being used as an aggravated Harrassment against the petitioners." In addition, petitioner alleged that the assessment agent had no lawful jurisdiction over petitioner and that the assessment agent lied and committed fraud when he stated that petitioner did not file a tax return. Petitioner also made allegations as to the unconstitutionality of the Tax Court and that he has been denied due process and a right a trial by jury. Respondent filed his answer on March 22, 1984 wherein he recited affirmative allegations in support of his determinations under section 6653(b). Petitioner failed to file a reply. On June 14, 1984, respondent filed a Motion For Entry of Order That Undenied Allegations In The Answer Be Deemed Admitted. The petitioner informally alleged that he never received a copy of respondent's answer or motion. On July 16, 1984, the Court extended the time within which the petitioner could file a reply to August 30, 1984. On September 4, 1984 petitioner filed his reply. Petitioner *463 has asserted errors respecting exemptions, deductions and dependents, but has failed to allege justiciable facts in support of the allegations of error. The reply stated "There is no way in this world that he could possibly owe this tax with 11 dependents * * *" and "Petitioner denies that he was only entitled to 4 exemptions * * *." [2] On September 12, 1984 respondent filed the motion before us. On October 9, 1984 petitioner filed a "Notice of Objection of Motion For Summary Judgment." The notice states that "there are genuine issues" and "These issues, especially of Fraud can be sustained by substantial evidence which petitioner shall submit for jury trial." Petitioner has failed to produce any evidence to support his allegations. Thus, we find petitioner's assertions to be frivolous. [3]
The affirmative allegations deemed admitted and the record as a *464 whole establish the following facts: Petitioner resided in Utica, New York at the time he filed his petition in this case. Petitioner received $26,662.62 and $19,617.32 as wages from Joseph Lawrence, Inc. in 1980 and 1981, respectively. He did not file a 1980 Federal income tax return. On May 12, 1980, he filed a form which purported to be a 1979 Federal income tax return. On April 15, 1982, he filed a similar form which purported to be a 1981 return. The forms did not contain any information relating to his income tax liability. The lines on the forms only contained either the notation "Fifth Amendment" or zeroes. Petitioner filed W-4 Forms with his employer on April 3, 1978, January 3, 1979, December 19, 1979, and February 6, 1982 in which he claimed to be exempt from income taxes. His filing of such forms resulted in only $2,408.76 and $114.30 being withheld from his wages in 1980 and 1981, respectively. Petitioner failed to make available to respondent the records necessary for the determination of his income tax liability. Respondent determined petitioner's taxable income for 1980 and 1981 using the specific items method of proof. Petitioner was entitled to four exemptions. *465 Petitioner's adjusted gross income was $26,662.62 and $19,617.32 for 1980 and 1981, respectively. He owed taxes in the amount of $6,257.93 and $3,308.00 for 1980 and 1981, respectively. Rule 121(b) provides that a motion for summary judgment shall be granted if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. In the present case, no genuine issue as to any material fact exists, [4] and as discussed below, a decision may be rendered as a matter of law. The record clearly establishes that the deficiencies and section 6654 additions to tax are due. The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that there was an underpayment of tax some part of which was due to fraud with an intent to evade tax. Rule 142(a); Imburgia v. Commissioner,22 T.C. 1002 (1954). This burden is met if *466 it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971). In the present case, petitioner failed to file a 1980 or 1981 Federal income tax return. His purported 1981 return containing the notation "Fifth Amendment" and zeroes does not constitute a return for purposes of the Internal Revenue Code. See Reiff v. Commissioner,77 T.C. 1169, 1176-1179 (1981), and the cases *467 cited therein. He submitted "protester" documents purporting to be Federal income tax returns. He filed W-4 forms which clearly were false; the filing of such forms resulted in a minimal amount of wages being withheld during the years in issue. He failed to provide respondent with the necessary information to determine his tax liability. These facts and the record as a whole clearly and convincingly establish that the underpayments of tax were due to fraud with intent to evade taxes. [5] Respondent's additions to tax for fraud are sustained.
Petitioner's pleadings have raised a number of frivolous contentions which we now answer. The imposition of the burden of proof on petitioner is constitutional. Welch v. Helvering,supra. It is well settled that in a suit concerning Federal tax liability, no right to a jury trial exists. Cupp v. Commissioner,65 T.C. 68, 86 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). The Federal income tax laws do not violate petitioner's First Amendment rights. Muste v. Commissioner,35 T.C. 913 (1961). *468 Petitioner's Fifth Amendment rights pertaining to due process and self-incrimination have not been violated. Wilkinson v. Commissioner,71 T.C. 633, 637-639 (1979). We have considered petitioner's other contentions. They likewise are frivolous. See Rowlee v. Commissioner,80 T.C. 1111, 1114-1123 (1983). Accordingly, respondent's Motion for Summary Judgment is granted. To reflect the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all references to Rules are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The affirmative allegations not expressly admitted or denied are deemed admitted. Rule 37(c). We also note that petitioner claimed only 4 personal exemptions on the form purporting to be his 1981 return.↩
3. See Miller v. Commissioner,T.C. Memo. 1983-476↩; Rules 34(b)(4) and (b)(5), 37 (b) and 121(d).
4. See Mallory v. Commissioner,T.C. Memo 1983-257↩; Rules 34(b)(4) and (b)(5), 37(b) and 121(d).
5. See Ammen v. Commissioner,T.C. Memo. 1982-476↩.